■ BRENDON HASBROUCK, an Infant, by SHIRLEY PHILLIPS, His Mother and Natural Guardian, et al., Respondents, v CITY OF GLOVERSVILLE, Appellant, et al., Defendant. — Appeal from an order of the Supreme Court at Special Term (Crangle, J.), entered May 6, 1983 in Fulton County, which denied a motion by defendant City of Gloversville for summary judgment dismissing the complaint. ¶ On December 12, 1980, the infant plaintiff was struck by an automobile owned and operated by defendant Theopolus Ligon. An action was commenced naming the City of Gloversville as a codefendant. It is plaintiffs' theory that a truck owned by the city and proceeding in the opposite direction from that of Ligon forced Ligon to swerve to his right onto the sidewalk where the infant plaintiff was struck. ¶ After discovery was completed, the city moved for summary judgment. In support of its motion, the city filed with Special Term the sworn testimony taken at an examination before trial. In this deposition, Ligon testified that the city's truck was in its own lane and that it did not strike his vehicle, force his vehicle to swerve or in any· other way contribute to the happening of the accident. In opposition to the motion, plaintiffs submitted only an attorney's affidavit which contained conclusory allegations unsubstantiated by any factual evidence of any nature. The motion was unopposed by Ligon. Special Term denied the motion and this appeal by the city ensued. ¶ In view of the evidence submitted at Special Term, it was incumbent upon plaintiffs to make at least an evidentiary showing that an issue of fact existed. The law is well settled that a party, in opposition to a motion for summary judgment, must assemble and lay bare affirmative proof to establish that the matters alleged are real and capable of being established upon a trial (*Zuckerman v City of New York*, 49 NY2d 557). It is equally well recognized that an affidavit of an attorney who does not have personal knowledge of the facts is probatively valueless, both procedurally and substantially, and should be disregarded (*Amsterdam Mem. Hosp. v Bardascino*, 84 AD2d 590). ¶ We, therefore, conclude that there was nothing before Special Term which supported the allegations of negligence on the part of the city and that no issue of fact exists. Consequently, we must reverse and grant summary judgment in favor of the city. ¶ Order reversed on the law, with costs, motion granted and complaint dismissed against defendant City of Gloversville. Main, J. P., Casey, Yesawich, Jr., and Harvey, JJ., concur.