■ PHYLLIS HOLTZ, Respondent, v EDNA K. WILSON et al., Appellants.—Casey, J. Appeal from an order of the Supreme Court (Dier, J.), entered July 22, 1988 in Warren County, which granted plaintiff's motion to vacate a default judgment dismissing her complaint.

On October 4, 1979 at approximately 8:00 P.M., plaintiff, a real estate broker who was showing property to prospective

purchasers, was injured when the stairs leading to the building collapsed. The property consisted of land and a mobile home and had been listed for sale with plaintiff's agency by defendant Fred C. Wilson. In paragraph 2 of plaintiff's complaint, it was alleged that defendants were seized of certain premises located in the Town of Edinburg, Saratoga County. That allegation was not denied by defendants in their answer.

On November 24, 1986, some seven years after plaintiff's accident, defendant Edna K. Wilson (hereinafter defendant) moved for summary judgment dismissing the complaint on the ground that she was not the owner of the mobile home, but rather was merely an absentee owner of the land and a resident of Virginia since 1957, who had no prior notice of any defect in the property. Her husband, Fred Wilson, had died on April 29, 1984. For the first time, defendant disclosed that the mobile home had been owned by her mother, Edna McCauley, who is now deceased and whose estate has not been sued.

Plaintiff's then attorney admits that while he was properly served with defendant's motion papers, he never opposed the motion. He states his reasons for not opposing were that (a) settlement negotiations were being conducted, (b) he could not contact plaintiff with regard to a settlement offer that was made, (c) he was awaiting the insurance policy that he had requested, (d) he advised the confidential law clerk to the Supreme Court Justice that opposition to the motion would be withheld, and (e) a substitution of counsel for plaintiff was imminent. Supreme Court granted defendant's motion for summary judgment by default by order which was served on plaintiff's attorney with notice of entry on March 17, 1987. An application to vacate plaintiff's default was made and granted by Supreme Court by memorandum order dated July 22, 1988 based on the holding that the above reasons for not opposing the motion constituted an excusable default. Defendants now appeal the vacatur by Supreme Court, contending also that plaintiff failed to file an affidavit of merits.

The critical issue presented is whether Supreme Court abused its discretion in vacating its prior order granting defendant summary judgment. In the circumstances, we believe that the order of vacatur was unwarranted and, accordingly, reverse. Contrary to plaintiff's argument, we do not believe that defendant's failure to deny the allegation of ownership contained in the complaint misled plaintiff's attorney. Defendant and her husband were, in fact, seized of premises in the Town of Edinburg and, therefore, could not deny this allegation of the complaint. Furthermore, both

plaintiff and her attorney knew that the building which caused plaintiff's injury was a mobile home, creating the possibility of its ownership by another, separate and distinct from the ownership of the land.

We further believe that the reasons enumerated for plaintiff's failure to respond to defendant's motion for summary judgment are noncompelling. Negotiations were not ongoing. Plaintiff had received a possible settlement offer and was advised that its nonacceptance would result in a motion for summary judgment. Some two months had elapsed from the time of the offer until the motion for summary judgment was brought. The default of plaintiff's attorney was deliberate. Instead of opposing the motion, solely for his own reasons, he failed to respond. Such a deliberate choice clearly fails as an excuse for defaulting *(see, State Bank v Guiseppi Estates,* 44 AD2d 878; *see also, Tucker v Rogers,* 95 AD2d 960).

In his papers, plaintiff's attorney made no showing that defendant, as an absentee owner of the land on which the mobile home was located, ever exercised any control over the mobile home or caused or contributed to the defect which allegedly caused plaintiff's injuries. Thus, plaintiff's complaint against this defendant has not been shown to be meritorious *(see, Greenwich Sav. Bank v JAJ Carpet Mart,* 126 AD2d 451).

The order of Supreme Court should, therefore, be reversed and plaintiff's motion denied.

Order reversed, on the law, with costs, and motion denied. Kane, J. P., Casey, Yesawich, Jr., Levine and Mercure, JJ., concur.