■ PHILIP DEL GIACCO et al., Respondents, v NOTEWORTHY COMPANY, Appellant.—Weiss, J. Appeals (1) from an order of the Supreme Court (Lynch, J.), entered June 15, 1990 in Schenectady County, which denied defendant's motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered November 29, 1990 in Schenectady County, which denied defendant's motion for reargument.

On January 30, 1986, plaintiff Philip Del Giacco (hereinafter plaintiff) slipped and fell on snow and ice while exiting his automobile in the parking lot at his place of employment. He had parked in the area of his employer's parking lot designated for his department. The land was owned by defendant and leased to Coleco Industries, Inc., plaintiff's employer. Plaintiff commenced this personal injury action alleging negligence and related nuisance on the part of defendant.* Defendant moved for summary judgment dismissing the complaint, contending that it had leased the property to Coleco on September 2, 1982, had transferred possession and control of the land, and had not retained or assumed any responsibility over the premises. Supreme Court denied the motion upon the basis that defendant had failed to produce a written lease agreement for the specific time period involved. Defendant has appealed.

The threshold issue is first whether defendant owed a duty of care to plaintiff under the described circumstances and then whether that duty had been breached. It is well-settled law that an out-of-possession owner-lessor is not liable in negligence for conditions upon the land after transfer of possession and control *(Lynch v Lom-Sur Co.,* 161 AD2d 885, 886; *Mancini v Cappiello Realty Corp.,* 144 AD2d 154, *lv denied* 73 NY2d 708; *Hildenbrand v Porto,* 144 AD2d 131, 132, *lv denied*

---

* Plaintiff Anita Del Giacco seeks compensation for her loss of society, services and companionship of her husband.

73 NY2d 706; *Bellen v Lomanto,* 125 AD2d 905, *lv denied* 69 NY2d 610). Here, defendant offered clear proof in the form of a written instrument that the premises had been leased to Coleco. An affidavit by Thomas Cummings, defendant's vice-president of operations, and the transcript of an examination before trial of John Colangelo, defendant's vice-president of finance, demonstrated that the subject premises were under lease to Coleco during the time period involved and under the same terms as the original written lease except for the amount of the rent payable. Moreover, even if the lease was not formally renewed in writing, which is not the situation here, where a tenant holds over the law implies that he does so on the same terms and conditions as under the previous tenancy *(City of New York v Pennsylvania R. R. Co.,* 37 NY2d 298). None of the exceptions to this rule itemized in *Transit Drive-In Theater v Outdoor Theatre Caterers* (53 AD2d 1009) apply here.

Defendant thus made a prima facie showing that the premises were leased without the retention of any possession or control. This evidence having been submitted on defendant's motion for summary judgment, it was incumbent upon plaintiffs to make an evidentiary showing that an issue of fact existed. The law is well settled that a party, in opposition to a motion for summary judgment, must assemble and lay bare affirmative proof to establish that the matters are real and capable of being established upon a trial *(Zuckerman v City of New York,* 49 NY2d 557; *Hasbrouck v City of Gloversville,* 102 AD2d 905, *affd* 63 NY2d 916). To meet this burden, plaintiff offered an affidavit by Lawrence Zyra, one of his attorneys; Zyra, however, lacked personal knowledge and his affidavit was therefore without evidentiary value and unavailing *(see, Zuckerman v City of New York, supra).* The transcript of plaintiff's examination before trial does little to demonstrate that defendant had control of the parking lot; rather, the testimony shows that Coleco exercised control by designating spaces for employee parking. Plaintiff testified to conversations with other Coleco employees about the condition of the lot but failed to offer affidavits or other proof in evidentiary form to demonstrate either that defendant retained control or made repairs. Plaintiff conceded that he did not know whether defendant had been given notice of the alleged dangerous condition. A portion of the examination before trial of Colangelo was offered to demonstrate that defendant's employees used a parking lot in close proximity to the leased premises and therefore concluded that defendant either had, or should

have had, notice of the allegedly dangerous condition where plaintiff fell. Finally, Zyra's affidavit contended that triable issues of fact existed as to whether a written lease was in effect on the day of the accident.

We find that this opposition was insufficient to defeat the grant of summary judgment to defendant and therefore reverse. Plaintiffs have failed to show that defendant, as an absentee owner out of possession of the premises, exercised any control over the land during the pertinent time *(see, Holtz v Wilson,* 155 AD2d 803), was contractually obligated to repair the premises *(see, Lafleur v Power Test Realty Co. Ltd. Partnership,* 159 AD2d 691), assumed responsibility by a course of conduct to maintain any portion of the premises *(see, Putnam v Stout,* 38 NY2d 607; *Gelardo v ASMA Realty Corp.,* 137 AD2d 787, 788) or created a dangerous condition *(see, McGill v Caldor's, Inc.,* 135 AD2d 1041). Bald assertions, speculation, mere conclusions, expressions of hope or unsubstantiated allegations and assertions are simply insufficient to successfully oppose a motion for summary judgment *(Zuckerman v City of New York, supra,* at 562).

Nor do we find the cases relied upon by plaintiffs to be dispositive of the issues. In *Brasby v Barra* (156 AD2d 530), the owner of the premises on which the plaintiff fell and was injured was also the sole stockholder and president of a corporation which rented the premises and on which the corporation operated a restaurant. The Second Department found that issues of fact existed as to the degree of control exercised over the premises by the owner, whether he had actual notice of the defect and whether he was in fact an owner out of possession. In *Buckley v Rockefeller Group* (143 AD2d 623), summary judgment was denied because the defendant, unlike the case at bar, failed to produce a lease or other documentation indicating the transfer of the operation and control of the building in which the plaintiff fell to another party and therefore failed to make a prima facie showing of entitlement as to a matter of law.

Mahoney, P. J., Casey, Levine and Mercure, JJ., concur. Ordered that the orders are reversed, on the law, without costs, motion for summary judgment granted, summary judgment awarded to defendant and complaint dismissed.