■ MARY A. BUCKOWSKI, Individually and as Executrix of the Estate of MICHAEL BUCKOWSKI, Deceased, Respondent, v KENNETH SMITH et al., Appellants.—Casey, J. Appeal from an amended order of the Supreme Court (Brown, J.), entered October 1, 1991 in Saratoga County, which, *inter alia,* denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff was the lessee of premises owned by defendants in the Town of Wilton, Saratoga County. Wooden planks had been embedded in the earthen slope near the driveway and served as makeshift stairs that led to the garage. In January 1987, plaintiff stepped on one of these planks during a light snow fall and fell on her tailbone injuring herself. As a consequence, she commenced this action in negligence against defendants. After the pleadings had been served and examinations before trial held, defendants moved for summary judgment dismissing the complaint. Plaintiff opposed the motion and cross-moved to compel production of certain documents. Supreme Court denied defendants' motion without written or oral decision and granted plaintiff's motion for further discovery. Defendants have appealed.

As "an out-of-possession owner-lessor [defendant] is not liable in negligence for conditions upon the land after transfer of possession and control" *(Del Giacco v Noteworthy Co.,* 175 AD2d 516). Such an out-of-possession landowner can be held liable only if plaintiff shows that the landlord exercised some control over the land, was contractually obligated to repair the premises, assumed responsibility to maintain any portion of the premises or created the dangerous condition *(see, supra,* at 518). In support of their motion for summary judgment, defendants submitted proof that plaintiff's injuries were

caused by weather conditions due to freshly fallen snow on the planks that had not been salted or shoveled in accordance with plaintiff's maintenance responsibility. In an unsworn statement dated February 8, 1987, plaintiff stated that she was responsible for "heat, utilities, maintenance of the property, [including] plowing, and shoveling the driveway, and walk. [Defendants] did nothing. That was the agreement." Defendants further submitted proof that the planks were not negligently placed because plaintiff did not trip or catch her foot on them. In the face of this showing, plaintiff was required to lay bare affirmative proof to establish that there are factual issues that require trial resolution (see, Zuckerman v City of New York, 49 NY2d 557).

Plaintiff failed to meet this burden and averred only that the planks were slippery and unsafe during the winter months. Plaintiff has not demonstrated factual issues regarding the defective installation of the planks or that they otherwise constituted a dangerous condition. Accordingly, defendants' motion for summary judgment dismissing the complaint should have been granted and the amended order appealed from should be reversed.

Weiss, P. J., Levine, Mahoney and Harvey, JJ., concur. Ordered that the amended order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendants and complaint dismissed.