■ MARK KINNER et al., Appellants, v CORNING, INC., Respondent, et al., Defendants. (And Two Third-Party Actions.)— Mercure, J. Appeal from an order of the Supreme Court (Monserrate, J.), entered April 3, 1992 in Chemung County, which, *inter alia,* granted defendant Corning, Inc.'s motion for summary judgment dismissing the complaint against it.

Plaintiffs commenced this action to recover for injuries sustained by plaintiff Mark Kinner on January 11, 1988 when he slipped and fell on ice on a sidewalk outside the place of his employment with third-party defendant Keystone Bindery Services, Inc. at a building in the Horseheads Industrial Park in the Town of Horseheads, Chemung County. It is plaintiffs' claim that Kinner's injuries were proximately caused by a defective and broken rain gutter on the building, which allowed water to accumulate and then freeze on the sidewalk below. The owner of the property, defendant Horseheads Industrial Realty Associates (hereinafter Realty Associates), leased the property to defendant Corning, Inc. by a March 1, 1982 instrument which provided, among other things, that Corning would "maintain the entire demised premises * * * [and] make all repairs thereto as and when needed to preserve them in good working order and condition" and that the owner "shall not be liable for maintenance or repair of the premises". Corning subleased the property to third-party defendant Keystone Mailing Company, Inc. by a December 19, 1986 instrument, under the terms of which Keystone Mailing assumed all of the obligations of the tenant and Corning was granted all of the rights and remedies afforded the landlord under the lease between Corning and Realty Associates. Following joinder of issue and considerable third-party practice, Corning moved for, *inter alia,* summary judgment dismissing the complaint against it. Supreme Court granted the motion and plaintiffs appeal.

We affirm. It is the general rule that an out-of-possession landlord is not liable for conditions upon the land after transfer of possession and control *(see, Putnam v Stout,* 38 NY2d 607; *De Brino v Benequista & Benequista Realty,* 175 AD2d 446; *Del Giacco v Noteworthy Co.,* 175 AD2d 516). In this connection, Corning came forward with affidavits of its purchasing manager and the distribution manager for its science products division which competently establish that Corning delivered exclusive possession and control of the

entire leased premises to Keystone Mailing on April 1, 1987. This evidence, together with the sublease between Corning and Keystone Mailing, provides prima facie proof that the premises were leased by Corning without the retention of any possession or control or obligation to make repairs, thus shifting the burden to plaintiffs to make an evidentiary showing that an issue of fact existed (see, Del Giacco v Noteworthy Co., supra, at 517; see also, Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).

In response, plaintiffs assert that factual issues exist as to Corning's liability to plaintiffs as the result of (1) its actual or constructive notice of the existence of a nuisance on the property, (2) its lease of the property for a public use with actual or constructive notice of a dangerous condition, or (3) its covenant to repair the building. However, they came forward with no competent evidence to support their assertions. There is nothing even suggesting that this industrial building was devoted to a "public" use and Kinner's deposition testimony that he "guessed" that the gutter had been damaged since March 1987, although he did not know, and that his supervisor had blamed Corning for the defective condition is of no probative value. This and the other "evidence" submitted on the motion, including an attorney's affidavit and photographs of the accident scene, provide a basis for nothing more than speculation, conclusions and hope (see, Del Giacco v Noteworthy Co., supra, at 518). Finally, we note that, in the absence of negligence, plaintiffs' claim of nuisance is unavailing (see, Copart Indus. v Consolidated Edison Co., 41 NY2d 564, 569).

Mikoll, J. P., Yesawich Jr., Crew III and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.