■ PATRICK DOWNEY et al., Respondents, v R. W. GARRAGHAN, INC., Appellant. (And a Third-Party Action.) [603 NYS2d 222] —Yesawich Jr., J. Appeal from that part of an order of

the Supreme Court (Bradley, J.), entered September 24, 1992 in Ulster County, which denied defendant's motion for summary judgment dismissing the complaint.

In this negligence action, plaintiff Patrick Downey (hereinafter plaintiff) and his wife, derivatively, seek to recover for injuries suffered when plaintiff fell from shelving during the course of his employment with third-party defendant Heritage Oil Delivery Service, Inc. (hereinafter Heritage). The shelving, which consisted of pallets placed on three levels of a steel bracket structure, was located in a warehouse owned by defendant and leased to Heritage. The oral lease agreement provided that Heritage was to be responsible for all taxes, utilities and maintenance of the premises. In addition to the agreed-upon rent, however, Heritage also paid defendant a "management fee" in exchange for the services of Abel Garraghan, a shareholder, director and officer of defendant, as well as its sole employee. Garraghan also served as an officer of Heritage.

After issue was joined and some discovery had, defendant moved for summary judgment, asserting that, as a landlord out of possession and by the terms of the lease, it had no duty to maintain the premises in a safe condition, and thus, as a matter of law, cannot be held liable for plaintiff's injuries. Supreme Court denied the motion and defendant appeals.

Generally, a lessor who has relinquished possession and control of leased premises bears no responsibility for injuries resulting from such dangerous conditions; liability may attach, however, if an out-of-possession landlord has retained control of the premises, has contracted to repair or maintain the property, or has affirmatively created the dangerous condition or defect (see, Buckowski v Smith, 185 AD2d 556, lv denied 80 NY2d 762; De Brino v Benequista & Benequista Realty, 175 AD2d 446, 447).

From plaintiff's deposition testimony it is readily inferable that the lighting in the warehouse was poor and that slippery conditions, caused by the spillage of oil and other petroleum products on and about the shelving, caused him to fall. Although the lease itself placed responsibility for maintenance and repair solely upon Heritage, the exact nature of the advice or services provided by defendant in consideration of the "management fee" has not been developed. In this regard, however, the deposition testimony of Thomas Edge, a Heritage employee, is sufficient to raise questions of fact with respect to whether defendant's duties included decision making, or the

furnishing of advice, in connection with such matters as the selection of the shelving, the manner in which it was installed (e.g., how high the shelves were stacked), the choice of equipment provided for accessing the materials stored thereon, and the provision of safety devices and adequate lighting in the vicinity. Because it cannot be conclusively determined, at least at this juncture, that defendant did not retain control of the premises or directly contribute to the creation of the dangerous conditions, summary judgment was properly denied.

Weiss, P. J., Mikoll and Crew III, JJ., concur. Ordered that the order is affirmed, with costs.