■ MICHAEL WEBB, Respondent, v DOMINICK AUDI et al., Appellants. [617 NYS2d 958] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Keniry, J.), entered July 1, 1993 in Schenectady County, which denied defendants' motions for summary judgment dismissing the amended complaint.

Plaintiff fell and allegedly injured his back while attempting to move a water heater in the basement of a residence owned by defendants Dominick Audi and Julie Audi. At the time of the incident, the first floor apartment had been leased to defendant New York State Association for Retarded Children, Inc., Schenectady County Chapter (hereinafter ARC), which had in turn made the apartment available to plaintiff's friend, Theresa Watkins. Plaintiff asserts that defendants' negligence in maintaining the basement floor led to a dangerous condition which caused him to fall.

After issue was joined and discovery completed, the Audis moved, and ARC cross-moved, for summary judgment, arguing that they had no duty to maintain the basement, that they had not received actual or constructive notice of any dangerous condition, and that there was no proof that any such condition existed or, if it did, that it occasioned plaintiff's fall. The motions were denied, and defendants appeal.

While an out-of-possession landlord does not generally bear responsibility for the maintenance or repair of leased premises, one who retains control of the premises, or contracts to repair or maintain the property, may be liable for defects thereon (see, Downey v R. W. Garraghan, Inc., 198 AD2d 570, 571; cf., Czerkas v Jonre Realty Co., 200 AD2d 821, 822). Although the lease between Dominick Audi (hereinafter Audi) and ARC, when fairly read, does not specifically place responsibility for repairs on either party, the record evidence could support a finding that the parties had informally agreed that Audi was to handle any significant maintenance problems that might arise.

Furthermore, questions of fact remain with respect to

whether the basement, a portion of which Watkins used for storage, was intended to be part of the space leased by ARC, and if so, whether the Audis nevertheless retained sufficient control over the leased premises to be liable. It is worth noting in this regard that while Audi denied having keys to the apartment, he admits having made several repairs during Watkins' occupancy, and ARC's representatives aver that while their maintenance person responded to complaints from clients about their living units, and performed "light maintenance and repair", major repairs and problems were referred to Audi.

As for defendants' contentions that they were not aware of the dangerous condition of the basement floor, there is evidence that the floor was in a deteriorated condition, that loose gravel or concrete chips were visible and apparent, and that Audi and ARC's representative had both been in the basement prior to the accident. Audi also testified that the condition of the floor had not changed significantly since he purchased the property in late 1989. If proven, these facts could support findings of actual or constructive notice on the part of both defendants (cf., Negri v Stop & Shop, 65 NY2d 625, 626).

Defendants also urge that summary judgment is warranted because plaintiff has not demonstrated that his fall was caused by a defective condition; this argument is unavailing, for it is only after defendants have first established their right to judgment that it becomes incumbent upon plaintiff to lay bare his proof (see, Ayotte v Gervasio, 81 NY2d 1062, 1063). Moreover, although plaintiff did not identify the exact area of the floor on which he claims to have "slipped", he swears that there was "loose gravel" in the general area, and given Audi's acknowledgement that there may have been cracks in the floor and chips of concrete—the size and amount are not described in the record and are undiscernible from the photocopy of the scene reproduced in the record—the record evidence, viewed in the light most favorable to plaintiff, could support a reasonable inference that it was the presence of loose pieces of rock or concrete in the immediate vicinity, on an otherwise dry floor, that caused plaintiff's foot to slip out from under him (see, Mott v Big V Supermarkets, 188 AD2d 870, 871).

Crew III, J. P., Casey and Peters, JJ., concur. Ordered that the order is affirmed, with costs.