■ VIVIAN R. WOLFSON, Appellant, v NEVELE HOTEL, INC., et al., Respondents. [635 NYS2d 731] —Cardona, P. J. Appeal from an order of the Supreme Court (Torraca, J.), entered October 3, 1994 in Ulster County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff commenced this negligence action to recover for personal injuries sustained on February 25, 1990 at approximately 12:30 P.M., when she slipped and fell on a terrazzo slate tile walkway located in defendants' hotel where plaintiff, her daughter, Lucy Ann Sciarrino and a friend planned to have lunch. The day was clear and cold and there was apparently snow on the ground outside. Plaintiff, who had just come into the hotel from the outside and was walking with a cane, did not notice anything unusual about the floor prior to her fall. However, she testified that she felt some wetness on her dress and saw some water on the floor after her fall. Sciarrino, who had been walking ahead of her mother, also noticed nothing unusual about the floor prior to the accident, although she did see two skiers wearing ski boots walk into the hotel from the outside and walk over the very same area where her mother later fell. When Sciarrino went over to assist her mother after her fall, she noticed an accumulation of water and a sandy substance in that area. Following joinder of issue and discovery, defendants moved for summary judgment. Supreme Court granted this motion prompting this appeal.

We affirm. Regarding plaintiff's claim that defendants negligently allowed water to accumulate in the walkway, we note that plaintiff presented no proof that defendants either created the allegedly dangerous condition or had actual notice of the condition (*see, Batiancela v Staten Is. Mall*, 189 AD2d 743). Moreover, there is no evidence in the record, including the testimony of plaintiff and her daughter, indicating that there was noticeable water accumulation on the walkway floor prior to plaintiff's fall that would have put defendants' employees on constructive notice of a hazardous condition (*see, supra*, at 743-744; *see also, Eaton v Pyramid Co.*, 216 AD2d 823; *Kanarskee v Pergament Distribs.*, 201 AD2d 704, 705). From the proof presented, any finding that water had been on the walkway for any appreciable length of time would be mere

speculation; the evidence was just as consistent with a finding that the water came from melting snow from plaintiff's own boots or from the boots of the skiers who walked across the spot where plaintiff fell just before she arrived (*cf.*, *Kaufman v Man-Dell Food Stores*, 203 AD2d 532, 533).

As for plaintiff's remaining claims, defendants presented affidavits from their employees and a professional engineer that indicated that the walkway in question was adequately lit, free of defects and inspected on a regular basis. The conclusory assertions to the contrary made by Sciarrino in her statements were unsupported by expert proof and were insufficient to raise a triable issue of fact (*see*, CPLR 3212 [b]).

Mercure, White, Casey and Spain, JJ., concur. Ordered that the order is affirmed, with costs.