Cardona, P. J., Crew III, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.

■ Peter D. Hans, Jr., Appellant, v Brian C. Clark et al., Respondents. [636 NYS2d 206] —Mercure, J. Appeal from an order and judgment of the Supreme Court (Rumsey, J.), entered March 6, 1995 in Tompkins County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff commenced this action to recover for injuries he sustained when he slipped and fell on a wet area on the floor inside a warehouse operated by his employer, Frito-Lay, Inc. The complaint and bill of particulars allege that defendants, as owners, were negligent in permitting the existence of a dangerous condition on the property, i.e., a poorly sealed door that permitted snow to enter the building. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint. Supreme Court granted the motion and plaintiff now appeals.

We affirm. Initially, it is undisputed that the warehouse, which had been leased by Frito-Lay for six years as of the time of plaintiff's accident, was constructed for Frito-Lay in accordance with plans and specifications approved by it. The lease between defendants and Frito-Lay provided in pertinent part that, although defendants were required to "keep in repair the exterior and structural portions of the leased premises, including the roof and exterior walls", Frito-Lay was required to "maintain and keep in good state of repair, the interior of the leased premises, including * * * doors". Applying the well-established rule that "an out-of-possession landlord who relinquishes control of the premises and is not contractually obligated to repair unsafe conditions is not liable to employees of a lessee for personal injuries caused by an unsafe condition existing on the premises" (*De Brino v Benequista & Benequista Realty*, 175 AD2d 446, 447; *see, Kinner v Corning, Inc.*, 190 AD2d 977), we agree with Supreme Court that defendants owed no duty of care to plaintiff. Even were this not so, the grievously deficient affidavit of plaintiff's expert failed to support the claim that there existed a defective condition (*see, Fallon v*

*Hannay & Son*, 153 AD2d 95, 101-102), and on this record there is no basis for a finding that defendants had any knowledge that snow entered the building around the edges of the closed door (*see, Putnam v Stout*, 38 NY2d 607).

Cardona, P. J., Crew III, White and Peters, JJ., concur. Ordered that the order and judgment is affirmed, with costs.