■ ANTHONY HENNESS, Appellant, v JOHN LUSINS et al., Respondents. [645 NYS2d 937] —Cardona, P. J. Appeals (1) from an order of the Supreme Court (Ingraham, J.), entered November 9, 1995 in Otsego County, which, *inter alia*, granted defendants' cross motions for summary judgment dismissing the complaint, and (2) from the judgment entered thereon.

Plaintiff commenced this negligence action to recover for personal injuries sustained on February 26, 1994 at approximately 2:30 A.M., when he slipped and fell on a tile floor located in a Dunkin' Donuts store. At the time of the incident, the premises had been leased by the owners, defendants John Lusins and Ana Marie Lusins, to defendant Caro International, Inc. for operation of a Dunkin' Donuts franchise. Plaintiff alleged that water on the floor led to a dangerous condition which caused him to fall. After issue was joined and some discovery completed, plaintiff moved to compel the appearance of a nonparty witness. Caro opposed the motion and cross-moved for, *inter alia*, summary judgment, arguing that there was no evidence of any water on the floor where plaintiff fell. The Lusinses also cross-moved for, *inter alia*, summary judgment, claiming that they were out-of-possession landlords and took no part in management and control of the premises. Supreme Court granted defendants' cross motions for summary judgment and dismissed the complaint. Plaintiff's motion for discovery was thereby rendered moot. Plaintiff appeals.

We affirm. We turn first to the Lusinses' cross motion. An

out-of-possession landlord is generally not responsible for the maintenance or repair of leased premises; however, one who retains control of the premises or contracts to repair or maintain the property may be liable for defects (*see, Hans v Clark*, 223 AD2d 861; *Webb v Audi*, 208 AD2d 1122). The landlord may also be liable if it has created the dangerous condition (*see, Webb v Audi, supra*). Here, the lease between the Lusinses and Caro provided that Caro was to be "responsible for all maintenance repairs on [the] premises". The lease also required Caro to keep the premises "in a clean and healthy condition" and in good repair. There was no showing that the Lusinses ever repaired or maintained any part of the premises after the lease was entered into or exercised any control over the premises. Given these facts, the Lusinses made a prima facie showing entitling them to summary judgment. It was then incumbent upon plaintiff to present evidence indicating that an issue of fact existed (*see, Del Giacco v Noteworthy Co.*, 175 AD2d 516, 517) and, in our view, plaintiff failed to satisfy that burden.

The fact that the Lusinses applied for the building permit to make improvements, which included the tile floor,* in their own name does not make them responsible for improvements nor does that fact give them control over the premises. The interior of the premises was designed with plans and specifications provided by Dunkin' Donuts, including the type, style, color, finish and brand name of the tile floor to be used. There is no evidence that the Lusinses contracted for the improvements as specified by the plans nor any evidence that they performed the work. Based on the above, we find that plaintiff failed to show that the Lusinses exercised any control over the premises during the relevant time, were contractually obligated to repair or maintain the premises or that they created a dangerous condition (*see, Del Giacco v Noteworthy Co., supra*, at 518). Supreme Court therefore properly granted summary judgment in their favor.

We turn next to the award of summary judgment in Caro's favor. In support of its cross motion, Caro offered the pretrial testimony of the employee on duty at the time of the incident. According to the employee, the area of the floor where plaintiff fell was not wet. She testified that just prior to when plaintiff entered the store, she cleaned off the tables and noticed no water on the floor in that area. Caro also relied on the pretrial testimony of plaintiff and his friend. According to both plaintiff and his friend, there were only two other customers sitting at

---

* Plaintiff claimed that the tile floor constituted a dangerous condition.

a table when they entered and no one came into the store right before them. The employee's testimony indicated that she cleaned up after the time that couple had entered. Again, as noted, she noticed no water at that time. Plaintiff further testified that when he and his friend arrived at the store, snow was falling and there was slush and water on the ground. However, while the floor was wet and slushy by the door, plaintiff did not notice any water in front of the counter where he was standing. After plaintiff placed his order at that counter, he turned and his feet came out from under him and he fell. After getting up, he fell again in the same place. Plaintiff's testimony revealed that it was not until after his fall that he realized the floor was wet.

A tenant has a duty to keep the leased premises in a reasonably safe condition (*see, Zadarosni v F. & W. Restauranteurs*, 192 AD2d 1051, 1052). However, in order to impose liability, there must be evidence that the tenant created the allegedly dangerous condition or had actual or constructive notice of such condition (*see, Wolfson v Nevele Hotel*, 222 AD2d 881; *Bykofsky v Waldbaum's Supermarkets*, 210 AD2d 280, 281). Here, Caro made a prima facie showing that it was entitled to summary judgment and plaintiff failed to rebut Caro's evidence sufficiently to raise triable issues of fact.

Initially, on the issue of hazardous condition, plaintiff's expert opined that the floor tiles, together with standing water, presented a dangerous situation. Other than this expert's assertion that he had "over twenty years of experience with ceramic tiles", there is no foundation to establish his knowledge of the standards regarding tile floors. Accordingly, Supreme Court properly found this expert's opinion speculative (*see, Wessels v Service Mdse.*, 187 AD2d 837, 838; *Paciocco v Montgomery Ward*, 163 AD2d 655, 657, *lv denied* 77 NY2d 808). Furthermore, plaintiff admitted that he noticed no defect in the floor or its installation that caused him to fall. Although he did testify that the floor was slippery, the inherent slipperiness or shiny condition of a floor is insufficient to establish liability for a dangerous condition (*see, Murphy v Connor*, 84 NY2d 969, 971-972; *Van Alstyne v Fonda Refm. Church*, 224 AD2d 901, 902).

Plaintiff also presented no evidence of actual notice of the condition nor was there sufficient evidence to raise an issue of fact as to constructive notice. To constitute constructive notice, the alleged defect must be visible and apparent and it must have existed for a sufficient length of time prior to the accident to permit the defendant's employees to discover and remedy it

(see, *Eaton v Pyramid Co.*, 216 AD2d 823, 824; *see also*, *Kaufman v Man-Dell Food Stores*, 203 AD2d 532, 533). Here, plaintiff claims that the evidence supports his assertion that there was water on the floor for an appreciable length of time prior to his fall. We disagree.

Plaintiff's evidence fails to indicate that there was any noticeable water accumulation on the floor in that area which would have put Caro's employees on constructive notice (see, *Wolfson v Nevele Hotel*, 222 AD2d 881, *supra*). The water which was eventually noticed could have easily come from plaintiff tracking slush in the store or from his friend's shoes. Plaintiff admitted that he did not see water on the floor by the counter before he fell; it was only after his fall that he noticed any water (see, e.g., *Eaton v Pyramid Co.*, *supra*). There was no showing that there had been numerous customers placing their orders at the counter that would permit an inference that customers were tracking in snow for any length of time prior to plaintiff's fall (cf., *Padula v Big V Supermarkets*, 173 AD2d 1094, 1095-1096; *see also*, *Paciocco v Montgomery Ward*, 163 AD2d 655, *supra*; *Lowrey v Cumberland Farms*, 162 AD2d 777, 778). From the proof presented, any determination that water had been on the floor by the counter for any significant length of time before plaintiff fell would be based on pure speculation (see, *George v Ponderosa Steak House*, 221 AD2d 710). Supreme Court, therefore, properly awarded summary judgment in Caro's favor.

Mikoll, Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order and judgment are affirmed, with one bill of costs.