■ JAMES P. ARVANETE et al., Respondents, v GREEN STREET REALTY, a Partnership, et al., Appellants. (And a Third-Party Action.) [660 NYS2d 219] —Crew III, J. Appeal from an order of the Supreme Court (Connor, J.), entered December 3, 1996 in Ulster County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiffs commenced this action seeking damages for personal injuries allegedly sustained by plaintiff James P. Arvanete when he tripped on a modem cord and fell in an office building owned by defendant Green Street Realty and leased to his employer, third-party defendant. Specifically, plaintiffs contended that defendants were negligent in failing to properly secure the modem cord so as to avoid a tripping hazard. Following commencement of the third-party action, joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint, contending that they neither retained control over nor assumed any responsibility for the placement of office equipment and, further, that they had no actual or constructive notice of the allegedly dangerous condition in question. Supreme Court denied defendants' motion, finding that there were questions of fact regarding the entity responsible for placing the modem cord and whether defendants retained control over the premises. This appeal by defendants ensued.

We affirm, albeit for reasons different than those expressed by Supreme Court. As a general rule, an out-of-possession landlord who does not retain control over the subject premises or contract to repair or maintain the property is not liable to a lessee's employee for personal injuries caused by a defect or unsafe condition existing thereon (*see, Hans v Clark*, 223 AD2d 861; *Webb v Audi*, 208 AD2d 1122). Liability may attach, however, if the landlord retains control over the premises (*see, Webb v Audi, supra*), affirmatively creates the dangerous condition (*see, Henness v Lusins*, 229 AD2d 873, 875) or has actual or constructive notice thereof (*see, Gordon v American Museum of Natural History*, 67 NY2d 836, 837).

Assuming, without deciding, that defendants met their initial burden on the motion for summary judgment, we nevertheless are of the view that the papers submitted by plaintiffs in opposition are sufficient to raise a question of fact as to whether defendants, through their agent (the maintenance person), affirmatively created the dangerous condition alleged. In reaching this conclusion, we acknowledge that third-party defendant owned the computer and modem cord that allegedly caused Arvanete's injuries and that its then-office manager was the individual responsible for extending the modem cord from a telephone jack in a conference room to the computer that he placed in an adjacent office and for securing the modem cord to the floor by placing it underneath a carpet runner. We also recognize that the lease, although requiring defendants to provide certain repair and janitorial services, neither required defendants to maintain nor granted them control over the placement and setup of defendants' office equipment. In opposition to defendants' motion, however, plaintiffs submitted the affidavit of one of third-party defendant's former employees, who averred that "the cleaning service would vacuum over and around the runner which was placed over the [modem cord] and that the [modem cord] would become exposed [as a result]". Although defendants characterize this affidavit as conclusory, we are of the view that it is sufficient to defeat defendants' motion. Accordingly, Supreme Court's order should be affirmed.

Mikoll, J. P., White, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.