■ Roy E. De Cristofaro, Respondent, v Joann Enterprises, Inc., et al., Defendants and Third-Party Plaintiffs-Appellants. Arrow Leather Finishing, Inc., Third-Party Defendant-Respondent. (And a Fourth-Party Action.) [663 NYS2d 689] —Mikoll, J. P. Appeal from an order of the Supreme Court (Best, J.), entered August 5, 1996 in Fulton County, which, *inter alia,* denied defendants' motion for summary judgment dismissing the complaint.

On February 8, 1991, plaintiff fell down an elevator shaft, from the third floor of the building he worked in, when he stepped into the elevator shaft not noticing that the elevator was no longer on the third floor. He was distracted by the load of furs he was attempting to roll onto the elevator.

Plaintiff was employed by third-party defendant, Arrow Leather Finishing, Inc. (hereinafter Arrow), which was located at 21-23 West Slate Street in the City of Johnstown, Fulton County. The building was owned by defendant Joann Enterprises, Inc. (hereinafter Joann). Joann leased the building to Arrow for its leather finishing and processing service. The lease ended in August 1985. After its expiration, Arrow continued to occupy the building on a month-to-month tenancy under the terms of the expired lease.

Plaintiff sued Joann and defendant Rocro Leather Company,

Inc. (hereinafter Rocro)* alleging causes of action in common-law negligence and violations of Labor Law §§ 200 and 255. Defendants commenced a third-party action against Arrow for contribution and indemnification. Arrow, in turn, commenced a fourth-party action against James F. Sensio, Inc. (hereinafter Sensio) for contribution and indemnification. Sensio allegedly was responsible for maintaining the elevators.

Defendants moved for summary judgment dismissing the complaint or, in the alternative, for leave to amend their third-party complaint in order to allege a cause of action for breach of contract against Arrow and demanding contractual indemnification. Defendants' motion also requested a conditional order of complete indemnification. Plaintiff cross-moved for leave to amend his bill of particulars to assert statutory claims pursuant to Labor Law §§ 315 and 316.

Supreme Court denied defendants' motion for summary judgment and the request for a conditional order of complete indemnification, but granted their motion to amend their third-party complaint. Supreme Court also granted plaintiff's cross motion to amend his bill of particulars. Defendants appeal.

Defendants contend that their motion to dismiss the action against Rocro was improperly denied. Defendants set out evidence that Rocro's only responsibility was to collect rent and that it was otherwise a defunct corporation. Plaintiff failed to present any evidence that Rocro was responsible for maintenance or repair of the leased premises, that it retained control of the premises or that it was a party to the lease. Having failed to raise a question of fact and Rocro having tendered sufficient evidence to eliminate any material issue of fact from the case, summary judgment of dismissal against Rocro should have been granted (see, Hasbrouck v City of Gloversville, 102 AD2d 905, affd 63 NY2d 916).

Defendants urge that with regard to plaintiff's claim for common-law negligence, summary judgment should have been granted to Joann as a matter of law because it was an out-of-possession landlord exercising no control of the premises. Defendants allege that Arrow maintained the general upkeep of the elevator and hired a contractor, Fulton County Electric and Electrical Contractors (operated by Sensio), to install a better elevator system after plaintiff's accident. We note that paragraphs 7, 10 and 15 of the lease, in relevant part, reserve the right to the landlord to make structural repairs on the

---

* Rocro had the same shareholders as Joann and operated a leather finishing business at the same site before Arrow.

premises and restricts the tenant from any structural additions or alterations without the written consent of the landlord. Though Joann transferred possession and control to Arrow under the lease which required Arrow to maintain and repair the elevator, its reservation of responsibility for structural repairs which might be necessary to the building leaves open a question of fact as to Joann's liability in common-law negligence for defects with regard to the maintenance of the elevator. While an out of possession landlord is generally not responsible for the maintenance or repair of leased premises, the retention of control of the premises or of the right to repair or maintain property may make the owner liable for defects (*Henness v Lusins*, 229 AD2d 873, 874; *Wiesen v Moppa*, 199 AD2d 312). Supreme Court correctly denied summary judgment to Joann on plaintiff's common-law negligence cause of action.

Joann contends that a mere reservation of the right to reenter the premises does not create a duty to assure the safety of the premises and, absent a duty prescribed by statute, summary judgment of dismissal should have been granted on the cause of action based on Labor Law § 255. Labor Law § 255 provides that "[e]very elevator used in connection with a factory, the elevator opening and the machinery connected therewith * * * shall be so constructed, guarded, equipped, maintained and operated as to be safe for all persons". Labor Law § 316 (2) provides that "[t]he owner of a tenant-factory building, whether or not [it] is also one of the occupants instead of the respective tenants, shall be responsible for the observance of the following provisions of this article, anything in any lease [or agreement] to the contrary notwithstanding". Labor Law § 315 (2) defines "tenant-factory building" as "a building, separate parts of which are occupied and used by different persons and one or more of which parts is used as a factory".

Defendants claim that the instant building was not a tenant-factory building as a matter of law and thus no statutory obligation required Joann to be responsible for the elevator. We find that a question of fact was raised in the record in opposition to the motion for summary judgment as to whether the building was a "tenant-factory building". Summary judgment was thus properly denied to Joann on the cause of action alleging a violation of Labor Law § 255.

We likewise reject defendants' contention that there was no actual notice that the elevator was defective. We note that defendants' averments do not deny constructive notice. The record demonstrates that representatives of Joann visited the

plant on numerous occasions and had either actual or constructive notice of the condition of the elevator. This included knowledge that there was a lack of doors to the elevator shaft on various levels and that the doors to the shaft could be opened without the elevator being at the given level. Joann is not entitled to summary judgment based on lack of notice.

We do, however, concur with defendants' contention that Joann is entitled to summary judgment of dismissal as to plaintiff's claim under Labor Law § 200 because it did not supervise or control plaintiff's work but rather Arrow exercised control over plaintiff. The record supports such contention.

Defendants also contend that Supreme Court abused its discretion by allowing plaintiff to amend its bill of particulars to add claims under Labor Law §§ 315 and 316 which assert a nondelegable duty upon owners of tenant-factory buildings. We disagree. Leave to amend pleadings is a discretionary power which is generally favored and in the absence of prejudice and surprise or lack of merit should be granted (see, CPLR 3025 [b]). For reasons previously articulated, that is, that a question of fact exists as to whether Joann was an operator of a factory or the owner of a tenant-factory building under Labor Law § 255, and the same issue being relevant under Labor Law §§ 315 and 316, the proposed amendments were properly granted. We find that neither surprise nor prejudice exists under these circumstances.

Finally, we reject defendants' contention that Joann was entitled to a conditional order of indemnification based on paragraph 5 of the lease, which they urge requires Arrow to hold Joann harmless of all claims emanating from Arrow's use of the building. As we have previously noted, Joann contracted to maintain responsibility for structural repairs which might be necessary to the building and, therefore, it may be liable in common-law negligence for defects with regard to the maintenance of the elevator. Therefore, an issue of fact exists with respect to whether Joann was negligent in failing to repair the elevator and indemnification was properly denied.

Crew III, White, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendants' motion with respect to defendant Rocro Leather Company, Inc. and partially denied the motion with respect to defendant Joann Enterprises, Inc.; motion granted to that extent, summary judgment awarded to defendant Rocro Leather Company, Inc. dismissing the complaint against it and defendant Joann Enterprises, Inc. dismissing the Labor Law § 200 cause of action against it; and, as so modified, affirmed.