■ Martin A. Davison et al., Appellants-Respondents, v Donald C. Wiggand et al., Respondents, and Country Squire Associates, Respondent-Appellant. [668 NYS2d 748] —Cardona, P. J. Cross appeals from an order of the Supreme Court (Graffeo, J.), entered December 9, 1996 in Albany County, which partially granted defendants' motion for summary judgment and dismissed the complaint against defendants Donald C. Wiggand and Robert J. Wiggand.

While working in a storage loft of the K-Mart department store in the Town Squire Plaza Shopping Center located in the Town of Glenmont, Albany County, plaintiff seriously injured himself when he struck his head on a metal pipe protruding

from the ceiling. At the time of the accident, defendants Donald C. Wiggand and Robert J. Wiggand owned the real property upon which the shopping center was located. Defendant Country Squire Associates was the tenant under a ground lease with the Wiggands and owned the shopping center. It leased a portion of the shopping center to K-Mart Corporation. In addition, Country Squire had an informal agreement with Robert Wiggand under which he agreed to take care of the common areas and repair and maintain the shopping center.

After the accident, plaintiff and his wife commenced this action for personal injuries against defendants. Following joinder of issue, defendants collectively moved for summary judgment dismissing the complaint. Supreme Court granted the motion only to the extent of dismissing the complaint against the Wiggands. Plaintiffs filed an appeal and Country Squire filed a cross appeal from the order. Subsequent to the perfection of the appeals, plaintiffs obtained a judgment against Country Squire after a jury trial. Country Squire thereafter withdrew its cross appeal. Thus, the sole issue before this Court is the propriety of Supreme Court's dismissal of the complaint against the Wiggands.

As a general rule, an out-of-possession landlord is not responsible for dangerous conditions existing upon leased premises after possession of the premises has been transferred to the tenant (see, De Cristofaro v Joann Enters., 243 AD2d 1015, 1016-1017; Henness v Lusins, 229 AD2d 873, 874; Hans v Clark, 223 AD2d 861; Downey v R. W. Garraghan, Inc., 198 AD2d 570, 571). Exceptions to this rule include situations where the landlord retains control of the premises (see, De Cristofaro v Joann Enters., supra, at 1016-1017; Henness v Lusins, supra, at 874; Webb v Audi, 208 AD2d 1122), has specifically contracted to repair or maintain the property (see, Webb v Audi, supra; Green v Dormitory Auth., 173 AD2d 1, 5, lv denied 79 NY2d 756), has through a course of conduct assumed a responsibility to maintain or repair the property (see, Del Giacco v Noteworthy Co., 175 AD2d 516, 518) or has affirmatively created a dangerous condition (see, Downey v R. W. Garraghan, Inc., supra, at 571; Del Giacco v Noteworthy Co., supra, at 518).

In this case, the Wiggands are out-of-possession landlords who did not maintain control of the space leased by K-Mart. The ground lease does not contain any provisions obligating the Wiggands to repair or maintain the shopping center improvements. Moreover, the record discloses that the Wiggands have not, in their capacity as owners of the real prop-

erty, assumed this responsibility. Furthermore, they did not create the dangerous condition existing upon the property as it is undisputed that the loft storage area was constructed by K-Mart construction crews in 1979 when the store opened. In view of this, we find that Supreme Court properly dismissed the complaint against the Wiggands.

White, Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.