■ Martin A. Davison et al., Respondents, v Donald C. Wiggand et al., Defendants, and Country Squire Associates, Appellant. [686 NYS2d 181] —Mercure, J. Appeals (1) from a judgment of the Supreme Court (Graffeo, J.), entered December 5,

1997 in Albany County, upon a verdict rendered in favor of plaintiffs, and (2) from an order of said court, entered February 24, 1998 in Albany County, which denied defendant's motion to set aside the verdict.

Plaintiffs commenced this negligence action to recover for injuries sustained by plaintiff Martin A. Davison (hereinafter plaintiff) in connection with his employment at a retail store operated by K-Mart Corporation in the Town Squire Shopping Plaza in the Town of Glenmont, Albany County. It is undisputed that the injuries were sustained when plaintiff was working in a 15-foot-high storage loft and struck his head on one or more metal pipes that protruded from the ceiling of the building. Plaintiffs' theory of liability against defendant, the owner of the plaza and K-Mart's landlord, is premised on defendant's purported contractual obligation to make structural repairs to the premises.[1] Following joinder of issue, defendant moved for summary judgment. Supreme Court denied the motion and defendant first appealed but then withdrew its notice of appeal. The matter proceeded to trial and the jury rendered a verdict and awarded damages in favor of plaintiffs. Defendant now appeals from the judgment in favor of plaintiffs and from the order denying its posttrial motion to set aside the verdict.[2]

We conclude that defendant's summary judgment motion should have been granted and the complaint dismissed prior to trial. Accordingly, we have no occasion to consider defendant's additional contentions concerning the propriety of Supreme Court's evidentiary rulings or jury charge, its refusal to apply CPLR article 16 and permit the jury to consider K-Mart's proportionate culpable conduct, or the excessiveness of the verdict.

As a general rule, once possession has been transferred to a tenant, an out-of-possession landlord will not be held responsible for dangerous conditions existing upon leased premises (see, De Cristofaro v Joann Enters., 243 AD2d 1015, 1017; Henness v Lusins, 229 AD2d 873, 874; Hans v Clark, 223 AD2d

---

1. The lease provision at issue provides in pertinent part that: "Landlord shall be responsible for and make all structural repairs (both exterior and interior) to the walls, floor and foundation, and also [to] make all repairs to the exterior walls, gutters, downspouts, marquee and roof of the Tenant's building * * *. Landlord shall maintain and repair all sewerage facilities and other utility facilities within the walls or floors if the need therefor is the result of faulty construction, latent defects, inferior materials or Landlord's negligence or outside of the Tenant's building."

2. Defendant's appeal from the judgment also brings up for review the denial of its pretrial motion for summary judgment (see, Stram v Farrell, 223 AD2d 260, 265-266).

861; *Downey v R. W. Garraghan, Inc.*, 198 AD2d 570, 571). Although exceptions have been established in cases where the landlord retained control of the premises (*see, De Cristofaro v Joann Enters., supra,* at 1017; *Henness v Lusins, supra,* at 874; *Webb v Audi,* 208 AD2d 1122), specifically contracted to repair or maintain the property (*see, Webb v Audi, supra,* at 1122), by a course of conduct assumed a responsibility to repair or maintain the property (*see, Del Giacco v Noteworthy Co.*, 175 AD2d 516, 518), or affirmatively created a dangerous condition that resulted in the injury (*see, Downey v R. W. Garraghan, Inc., supra,* at 571; *Del Giacco v Noteworthy Co., supra,* at 518), none of these exceptions has any reasonable application to the facts of this case.

The undisputed evidence adduced on defendant's summary judgment motion establishes that at the time the subject premises were let to K-Mart Corporation, the metal pipes that are alleged to have caused the injury to plaintiff posed no danger to people occupying the building. Clearly, it was K-Mart's subsequent interior modification, i.e., the construction of a 15-foot-high loft, the top of which was situated only five feet below the pipes' lowest extension, that created the condition giving rise to plaintiff's accident. As such, it is apparent that the dangerous condition giving rise to plaintiff's injury related not to any defect in the pipes—they functioned properly and required no "repairs"—but to the location of the loft in relation to the pipes.

Under the circumstances, we are unpersuaded by plaintiffs' contention that defendant's "control" of the pipes or its notice of the dangerous condition (even if established) imposed a duty upon defendant to make structural modifications necessary to remedy the condition. In that regard, we reject plaintiffs' reliance upon the decision in *Arthur Richards, Inc. v 79 Fifth Ave. Co.* (57 NY2d 824, *revg on dissenting mem below* 88 AD2d 517) for the proposition that defendant had a legal obligation to "neutralize" the dangerous condition created by K-Mart. In that case, there existed a genuine defect in the building's plumbing system, i.e., a leak in the main water pipe located in the basement, which the defendant landlord undertook to repair and, in the course of those repairs, the plaintiff's property was damaged (*Arthur Richards, Inc. v 79 Fifth Ave. Co.*, 88 AD2d 517, 518, *revd* 57 NY2d 824). Although primary culpability rested in another tenant (who left a faucet on while the water was turned off during the repairs), the defendant's affirmative conduct was found to have been sufficient to impose some measure of culpability upon it. Here, in direct contrast,

there was no defective condition requiring repair and defendant took no action such as would have provided a separate basis for liability. Similarly, in *De Cristofaro v Joann Enters.* (243 AD2d 1015, *supra*), relied upon by the dissent, the plaintiff's injury arose out of a defect in the building's elevator system and, although the tenant undertook the general upkeep of the elevator, the owner had reserved the right to make structural repairs and restricted the tenant from making structural additions or alterations without written consent (*id.*, at 1016-1017).

In sharp contrast to either *Arthur Richards, Inc. v 79 Fifth Ave. Co.* (57 NY2d 824, *supra*) or *De Cristofaro v Joann Enters.* (*supra*), the present factual scenario brings this squarely within those cases holding that an out-of-possession landlord will not be held responsible for unsafe conditions brought about through the act of its tenant (*see, Schiavone v 382 McDonald Corp.*, 251 AD2d 486; *Regensdorfer v Central Buffalo Project Corp.*, 247 AD2d 931; *Hans v Clark*, 223 AD2d 861, *supra*). We therefore conclude that Supreme Court erred in failing to grant defendant's motion for summary judgment and that the complaint must be dismissed.

Spain and Carpinello, JJ., concur.

Cardona, P. J. (dissenting). I respectfully dissent. Given the unique factual circumstances presented in the instant case, I cannot conclude *as a matter of law* that defendant should be completely absolved of liability for the injuries suffered by plaintiff Martin A. Davison (hereinafter plaintiff). Plaintiffs predicate liability upon defendant's contractual duty to maintain the structural components of the building, specifically the pipes struck by plaintiff in the loft area, and its control over these facilities. Since there was evidence presented supporting plaintiffs' claim in that regard and establishing that defendant was on notice of the dangerous condition, I would affirm the denial of the summary judgment motion.

Notably, plaintiffs adduced proof establishing that under the terms of its lease with K-Mart Corporation, defendant retained responsibility for making "all structural repairs (both exterior and interior) to the walls, floor and foundation, and also [to] make all repairs to the exterior walls, gutters, downspouts, marquee and roof of the Tenant's building". The lease further obligated defendant to "maintain and repair all sewerage facilities and other utility facilities within the walls or floors if the need therefor is the result of faulty construction, latent defects, inferior materials or Landlord's negligence". Thus, it is apparent from these provisions that defendant was responsible for maintaining the pipes at issue.

In addition, plaintiffs submitted evidence that defendant's maintenance person, Robert Wiggand (hereinafter Wiggand), took care of the common areas of the shopping center and structural components of the buildings, which included making arrangements for the repair and ultimate replacement of the roof as well as periodic inspections of the sprinkler system. Wiggand frequented the interior of the K-Mart premises, including the stockroom and loft area, during the course of his duties, such as when he reset the timer on the parking lot lights and investigated leaks in the roof. James Linsenbigler, a former K-Mart store manager, averred that Wiggand was in the loft area on more than one occasion and that Linsenbigler specifically warned him to be careful of the low-lying pipes protruding from the ceiling which were in plain view.

In my view, the foregoing evidence is indicative of defendant's control over and responsibility for maintaining the pipes which caused plaintiff's injuries. Although the pipes became dangerous due to the construction of the loft by a K-Mart construction crew in 1979, Linsenbigler's affidavit reveals that defendant became aware of this dangerous condition when Wiggand was present in the loft performing certain maintenance duties. The lease required defendant to repair and maintain the structural components of the building, including utility facilities, so that they would be in a *"safe,* dry and tenantable condition" (emphasis supplied). The low-lying pipes in the loft area were a clear violation of the State Building Code according to the affidavit of plaintiffs' professional engineer. Equipped with knowledge that the erection of the loft made the pipes dangerous, defendant had a duty under the terms of the lease to take some corrective action and not simply disregard this dangerous condition. Accordingly, the denial of defendant's motion for summary judgment was, in my opinion, appropriate (*see generally, De Cristofaro v Joann Enters.,* 243 AD2d 1015; *compare, Henness v Lusins,* 229 AD2d 873).

Ordered that the judgment and order are reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.