■ THOMAS HART, Appellant, v THOMAS J. O'BRIEN, Individually and Doing Business as ALBANY DIAMOND JEWELERS, et al., Defendants, and MARY E. NAUGHTER, Respondent. [898 NYS2d 697]—

Garry, J. Appeal from an order of the Supreme Court (McDonough, J.), entered January 28, 2009 in Albany County, which granted defendant Mary E. Naughter's motion for summary judgment dismissing the complaint against her.

In October 2004, plaintiff was injured by a fall in a pothole as he was walking through a parking lot behind a commercial building in the Town of Guilderland, Albany County. The building was owned by defendant Mary E. Naughter (hereinafter defendant) and her husband. Defendant Thomas J. O'Brien operated an independent jewelry business in the building, which he had rented on a month-to-month basis under an oral lease since 2000. Plaintiff commenced this action against O'Brien and defendant.* After discovery was completed, defendant moved for summary judgment dismissing the complaint against her. Supreme Court granted the motion, and plaintiff now appeals.

Plaintiff contends that Supreme Court erred in determining that defendant, as an out-of-possession landlord, could not be held liable for plaintiff's injuries. With certain exceptions, " '[a]n out-of-possession landlord is generally not responsible for the maintenance or repair of leased premises; however, one who retains control of the premises or contracts to repair or maintain the property may be liable for defects' " (*Grady v Hoffman*, 63 AD3d 1266, 1268 [2009], quoting *Henness v Lusins*, 229 AD2d 873, 873-874 [1996]; *see Davison v Wiggand*, 259 AD2d 799, 800 [1999], *lv denied* 94 NY2d 751 [1999]). O'Brien testified that he leased the property pursuant to an oral agreement he had reached with defendant's husband by which, among other things, O'Brien would take responsibility for repairs and maintenance of the property. Accordingly, O'Brien testified that he shoveled walkways, raked, swept, and plowed the parking lot, maintained the lighting in the parking lot and, on one occasion, paid to have the lot resealed and the lines

---

* Defendant's husband died while the matter was pending before Supreme Court.

repainted. Without obtaining permission from defendant or her husband, O'Brien replaced landscaping, repainted the building's interior and parts of its exterior, recarpeted the interior, and installed new showroom fixtures. O'Brien paid utility bills and property taxes, and defendant and her husband did not reimburse him for these expenditures or for his costs for maintenance or repairs. They had no keys to the building, maintained no office there, and were not involved in the operation of O'Brien's business (*contrast Stickles v Fuller*, 9 AD3d 599, 600-601 [2004]). This evidence was sufficient to meet defendant's prima facie burden to establish that the premises were leased without retaining possession or control, thus shifting the burden to plaintiff to establish the existence of questions of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Del Giacco v Noteworthy Co.*, 175 AD2d 516, 517 [1991]).

We agree with Supreme Court that plaintiff failed to establish the existence of issues of fact as to whether defendant and her husband "exercised any control over the land during the pertinent time, w[ere] contractually obligated to repair the premises, assumed responsibility by a course of conduct to maintain any portion of the premises, or created a dangerous condition" (*Del Giacco v Noteworthy Co.*, 175 AD2d at 518 [internal citations omitted]). Neither the occasional visits made by defendant and her husband to the premises to pick up rent checks nor O'Brien's testimony that he would have consulted defendant before making major structural changes in the building were sufficient to establish such questions of fact. A landlord's retention of "the right to visit the premises, or even to approve alterations, additions or improvements, is insufficient to establish the requisite degree of control necessary for the imposition of liability with respect to an out-of-possession landlord" (*Grady v Hoffman*, 63 AD3d at 1268 [internal quotation marks and citations omitted]).

Further, contrary to plaintiff's claim, the visits made by defendant and her husband were not sufficient, as described, to present factual questions as to whether they had reserved a right of reentry to inspect the property, ascertain the need for repairs, or for other purposes reflecting their retention of possession or control over the premises (*see e.g. Stickles v Fuller*, 9 AD3d at 600; *De Cristofaro v Joann Enters.*, 243 AD2d 1015, 1017 [1997]). Rather, defendant's uncontradicted testimony established that these visits were always made during business hours and when O'Brien was present, and that she and her husband used the public entrance to the building rather than a back door leading into personal space. They parked in a side lot

and did not use or enter the rear parking lot where plaintiff was injured, and there is no evidence that they inspected the parking lot or the property as a whole during their visits. Consistent with O'Brien's testimony that the lease agreement made him responsible for maintenance and repairs, defendant further testified that if she had ever noticed a dangerous condition on the property, she would have notified O'Brien, as he was "the person in charge." Thus, no issues of fact were raised as to whether defendant, as an absentee owner, retained possession or control of the premises or was contractually obligated to make repairs, and Supreme Court properly granted summary judgment dismissing the complaint against her (see *McComish v Luciano's Italian Rest.*, 56 AD3d 534, 535 [2008]; *Davison v Wiggand*, 259 AD2d at 802; contrast *Downey v R.W. Garraghan, Inc.*, 198 AD2d 570, 571-572 [1993]).

Cardona, P.J., Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the order is affirmed, with costs.