■ OSCAR YOUNG, Respondent-Appellant, v J.M. MORAN PROPERTIES, INC., Appellant-Respondent and Third-Party Plaintiff. DARIN CONSTRUCTION ENTERPRISES, INC., Third-Party Defendant-Appellant-Respondent. [688 NYS2d 354] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff was injured when he slipped on mud on the floor of the loading bay in a building owned by defendant, J.M. Moran Properties, Inc. (Moran), and leased by third-party defendant, Darin Construction Enterprises, Inc. (Darin), plaintiff's employer, for commercial purposes. Plaintiff fell while walking toward the back of a truck to unload tools and equipment used in a recently completed construction project.

The complaint alleges causes of action for common-law negligence and violations of Labor Law §§ 200 and 241 (6). Moran commenced a third-party action against Darin for contribution and indemnification. Darin moved for summary judg-

ment dismissing the complaint, and Moran joined in the motion. Supreme Court granted the motion in part and dismissed the Labor Law § 241 (6) claim.

The court properly denied the motion with respect to the common-law negligence cause of action. Although an out-of-possession landlord generally is not liable for injuries resulting from the condition of the leased premises (*see, Putnam v Stout,* 38 NY2d 607, 616-618), one who retains control of the premises or contracts to repair or maintain property may be liable for defects (*see, Henness v Lusins,* 229 AD2d 873, 874). Pursuant to the lease, Moran transferred possession and control to Darin but retained responsibility for structural repairs of the premises. Thus, there is a question of fact concerning Moran's liability in common-law negligence for defects in the condition of the loading bay (*see, De Cristofaro v Joann Enters.,* 243 AD2d 1015, 1016-1017).

The court erred, however, in failing to grant the motion with respect to the Labor Law § 200 claim. Construction work was not being performed on the property leased by Moran to Darin, and thus Moran had no duty pursuant to Labor Law § 200 "to provide construction site workmen with a safe place to work" (*Russin v Picciano & Son,* 54 NY2d 311, 317; *see, Allen v Cloutier Constr. Corp.,* 44 NY2d 290, 299, *rearg denied* 45 NY2d 776). In any event, there is no indication in the record that Moran supervised or controlled plaintiff's work (*see, De Cristofaro v Joann Enters., supra,* at 1018; *Lafleur v Power Test Realty Co. Ltd. Partnership,* 159 AD2d 691, 692).

We reject the contention of plaintiff on his cross appeal that the court erred in granting the motion with respect to the Labor Law § 241 (6) claim. Plaintiff was not engaged in construction work when he was injured (*see, Parot v City of Buffalo,* 174 AD2d 1034).

We modify the order, therefore, by granting that part of the motion seeking dismissal of the Labor Law § 200 claim. (Appeals from Order of Supreme Court, Erie County, Notaro, J.—Summary Judgment.) Present—Lawton, J. P., Hayes, Wisner, Pigott, Jr., and Callahan, JJ.