■ CHRISTINA PASTOR et al., Respondents, v R.A.K. TENNIS CORP., Appellant, et al., Defendant. [718 NYS2d 633] —In an action to recover damages for personal injuries, etc., the defendant R.A.K. Tennis Corp. appeals from an order of the Supreme Court, Queens County (Dollard, J.), dated January 12, 2000, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff Christina Pastor, a patron of a restaurant maintained and operated on premises owned by the appellant, was allegedly injured when a sand-filled table base was dropped on her foot. The plaintiffs brought this action alleging that the defendants were negligent in the ownership, operation, management, maintenance, and control of the premises. The Supreme Court denied the appellant's motion for summary judgment dismissing the complaint insofar as asserted against it.

It is well settled that "an out-of-possession landlord cannot be held liable for injuries that occur on its premises unless the landlord has retained control over the premises, or over the operation of the business conducted on the property" (*Borelli v 1051 Realty Corp.,* 242 AD2d 517, 518; *see, Dalzell v McDonald's Corp.,* 220 AD2d 638). As there are material issues of fact regarding the appellant's control over the premises, and the operation of the restaurant on the property, summary judgment was properly denied (*see, Zuckerman v City of New York,* 49 NY2d 557, 562). Friedmann, J. P., Krausman, H. Miller and Feuerstein, JJ., concur.