■ JACK FEDER et al., Respondents, v TOWER AIR, INC., Appellant, et al., Defendants. [785 NYS2d 49]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered on or about January 7, 2004, which denied the motion of defendant Tower Air, Inc. for summary judgment, unanimously reversed, on the law, without costs, and defendant's motion for summary judgment granted. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint as against it.

Plaintiffs' assertion of negligence is based upon the allegation that Mr. Feder was prematurely required to leave the wheelchair provided by defendant to take him to the curbside passenger pick-up area. That claim is tenuous at best, since no protest was made against the asserted need to take back the wheelchair once Mr. Feder had been brought to the waiting area near the curb outside the terminal, since he was physically able to get up out of the chair and stand at that point, and since plaintiffs conceded that he was able to ambulate, albeit not for long distances. More importantly, however, there is no showing that any such purported negligence was the cause of Mr. Feder's fall and his injuries.

It is possible to establish both negligence and causation through circumstantial evidence, but to do so a plaintiff must show facts and conditions from which the negligence of the defendant, and causation of the accident by that negligence, may be reasonably inferred (see Schneider v Kings Highway Hosp. Ctr., 67 NY2d 743 [1986]). The plaintiff need not exclude every other possible cause of the accident, but must offer proof that causes other than defendant's negligence are sufficiently "remote" or "technical" to allow a jury to base its verdict on logical inferences to be drawn from the evidence, rather than speculation (id. at 744).

Plaintiff failed to offer the requisite proof. The bare assertion that the premature removal from the wheelchair started the chain of events which led to his fall and injury is far too attenuated here, in view of the myriad possible causes for his falling. Without some evidence as to what caused the fall, a nexus cannot be made between the purported negligence and resulting injury. Even if defendant arguably furnished the occasion for the accident, there is insufficient evidence that it caused it (see Ortiz v Jimtion Food Corp., 274 AD2d 508 [2000]). A verdict of liability against defendant would require speculation by the jury (see Kane v Estia Greek Rest., 4 AD3d 189, 190 [2004]; Lynn v Lynn, 216 AD2d 194, 195 [1995]).

Furthermore, plaintiff's reliance on the argument that defendants failed to follow their protocol is unpersuasive. The

statement plaintiffs rely upon was merely that defendants' employees who accompanied a wheelchair-bound passenger would generally assist the passenger in boarding ground transportation. Even assuming this statement may be treated as a formal policy, it is unclear whether Mr. Feder would even have been considered "wheelchair bound" in this context, given his ambulatory ability. Furthermore, the statement contained no indication that the policy required the employee to wait with the customer in the wheelchair as long as it took for the customer's transportation to arrive.

Under the circumstances, a prima facie case of negligence was not established. Concur—Tom, J.P., Saxe, Williams, Marlow and Sweeny, JJ.