JILLANE TARANTELLI, Appellant, v 7401 WILLOWBROOK ROAD ASSOCIATES, LLC, Respondent. [787 NYS2d 587]—

Appeal from an order of the Supreme Court, Monroe County (Andrew V. Siracuse, J.), entered January 22, 2004. The order granted defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she tripped and fell at the top of the "back" stairway that ran between the first and second floors in the office building where she worked. The building was leased by her employer, John W. Danforth Company (Danforth), and owned by defendant. Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint. The lease between defendant and Danforth provides that Danforth was permitted to use the premises for "general office, warehouse and shop purposes" and further provides that Danforth "assumes the full and sole responsibility for the condition, operation, repair, replacement, maintenance and management" of the premises. Contrary to plaintiff's contention, defendant met its initial burden of establishing its entitlement to judgment as a matter of law, and plaintiff failed to raise an issue of fact whether defendant, an out-of-possession landlord, "by a course of conduct assumed a responsibility to repair or maintain the property . . ., or affirmatively created a dangerous condition that resulted in the injury" (*Davison v Wiggand*, 259 AD2d 799, 801 [1999], *lv denied* 94 NY2d 751 [1999]; *see generally Putnam v Stout*, 38 NY2d 607, 616-618 [1976]).

Contrary to the further contention of plaintiff, although an out-of-possession landlord also may be liable "if [the landlord] rents the premises for a public use to which [the landlord] knows they are unsuited" (*Campbell v Elsie S. Holding Co.*, 251 NY 446, 448 [1929]), that exception does not apply here. There is no evidence that defendant had knowledge that the premises were rented for a use for which they were unsuited, nor is there evidence that the premises were "open to the public" (*Brady v Cocozzo*, 174 AD2d 814, 814 [1991]; *see De Brino v Benequista & Benequista Realty*, 175 AD2d 446 [1991]). Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Martoche and Smith, JJ.