■ DEBRA SCHWEGLER et al., Appellants, v CITY OF NIAGARA FALLS, Defendant, A FESTIVAL OF LIGHTS, INC., Appellant, and FRANK A. AMENDOLA et al., Respondents. [801 NYS2d 873]—

Appeals from an order of the Supreme Court, Niagara County (Amy J. Fricano, J.), entered April 22, 2004. The order granted the motions of defendants Lite Trix, Inc. and Frank A. Amendola for summary judgment dismissing the amended complaint against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Debra Schwegler (plaintiff) during a holiday festival run by defendant A Festival of Lights, Inc. (FOL) on property owned by defendant Frank A. Amendola. FOL had hired defendant Lite Trix, Inc. (Lite Trix) to design and build some of the displays used in the festival. Plaintiff was injured when a "candy cane cylinder" used to cover an electrical outlet fell on her. Lite Trix and Amendola each moved for summary judgment dismissing the amended complaint against them. We conclude that Supreme Court properly granted both motions.

By establishing that it did not own, possess or control the property and that it did not create the dangerous condition, Lite Trix established its entitlement to judgment as a matter of law (*see Santo v Pick Quick Foods*, 305 AD2d 399 [2003]). Contrary to the contention of plaintiffs and FOL, their submission of circumstantial evidence that Lite Trix created the dangerous condition was speculative and thus was insufficient to raise a triable issue of fact (*see generally Feder v Tower Air, Inc.*, 12 AD3d 190, 191 [2004]; *O'Connor v Lakeview Assoc.*, 306 AD2d 518, 519 [2003]). Even assuming, arguendo, that Lite Trix assumed a duty to cover the electrical outlet at issue, we conclude that plaintiffs failed to raise a triable issue of fact whether the conduct of Lite Trix "placed plaintiff in a more vulnerable position than plaintiff would have been in had [Lite Trix] done nothing" (*Heard v City of New York*, 82 NY2d 66, 72 [1993], *rearg denied* 82 NY2d 889 [1993]; *see Van Hove v Baker Commodities*, 288 AD2d 927 [2001]).

We further conclude that Amendola established his entitlement to judgment as a matter of law, and plaintiffs failed to raise a triable issue of fact. Although landlords who retain control of the premises may be liable for defects (*see Jones v Bartlett*, 275 AD2d 956 [2000], *lv denied* 96 NY2d 705 [2001]; *Young v Moran Props.*, 259 AD2d 1037, 1038 [1999]; *see generally Putnam v Stout*, 38 NY2d 607, 616-618 [1976]), we conclude that Amendola established that he did not retain sufficient control to remain liable for defects on the premises. Pursuant to the lease between Amendola and FOL, Amendola retained the

right to "visit and examine [the] premises," and to approve alterations, additions or improvements. The lease further provided that Amendola's agents and servants were permitted to enter the premises to make necessary repairs. We conclude that those lease provisions are insufficient to establish the requisite degree of control necessary for the imposition of liability with respect to an out-of-possession landlord who reserves the right to enter the leased premises to make necessary repairs. " '[A]n out-of-possession landlord who reserves that right may be held liable for injuries to a third party only where a specific statutory violation exists,' " and there is no evidence in the record of a specific statutory violation (*Regensdorfer v Central Buffalo Project Corp.*, 247 AD2d 931, 932 [1998], quoting *Mendola v 2125 Seneca St.*, 237 AD2d 902, 903 [1997]), nor is there evidence that Amendola withheld his consent or approval with respect to the tenant's right to make any repairs (*see Schlesinger v Rockefeller Ctr.*, 119 AD2d 462, 463 [1986]). Present—Pigott, Jr., P.J., Green, Hurlbutt, Kehoe and Pine, JJ.