■ TONIA FERRO, Appellant, v RICHARD BURTON, Respondent. [846 NYS2d 850]—

Appeal from an order of the Supreme Court, Oswego County (Norman W. Seiter, Jr., J.), entered October 11, 2006 in a personal injury action. The order granted defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she fell while opening a trapdoor to the cellar at the premises where she was employed. Supreme Court properly granted the motion of defendant, an out-of-possession landlord who leased the premises to plaintiff's employer, for summary judgment dismissing the complaint. " 'It is well settled that an out-of-possession landlord who relinquishes control of the premises and is not contractually obligated to repair unsafe conditions is not liable to employees of a lessee for personal injuries caused by an unsafe condition existing on the premises' " (*Regensdorfer v Central Buffalo Project Corp.*, 247 AD2d 931, 932 [1998]). Here, the record establishes that defendant relinquished control of the premises to his tenant, and plaintiff does not allege that defendant had any contractual obligation to repair the premises. Although an out-of-possession landlord may be held liable for injuries that occur on the premises if the landlord retained "sufficient control" of the premises (*Schwegler v City of Niagara Falls*, 21 AD3d 1268, 1269 [2005]; *see Mikolajczyk v Morgan Contrs.*, 273 AD2d 864

[2000]; *Young v Moran Props.*, 259 AD2d 1037, 1038 [1999]), that exception does not apply here. The fact that defendant may have retained the right to visit the premises, or even to approve alterations, additions or improvements, is "insufficient to establish the requisite degree of control necessary for the imposition of liability with respect to an out-of-possession landlord" (*Schwegler*, 21 AD3d at 1270). " '[A]n out-of-possession landlord who reserves that right may be held liable for injuries to a third party only where a specific statutory violation exists' " (*Regensdorfer*, 247 AD2d at 932; *see Schwegler*, 21 AD3d at 1270), and here plaintiff has not established nor has she even alleged that there was a statutory violation. Finally, although an out-of-possession landlord may be liable if he or she affirmatively created the dangerous condition (*see Torres v West St. Realty Co.*, 21 AD3d 718, 721 [2005], *lv denied* 7 NY3d 703 [2006]), there is no evidence in the record that defendant installed, constructed or modified the allegedly defective trapdoor. Present—Gorski, J.P., Smith, Centra, Lunn and Peradotto, JJ.