MICHELLE MEYERS-KRAFT, Respondent, v PATRICK J. KEEM et al., Appellants. PATRICK J. KEEM, Third-Party Plaintiff-Appellant, v JOHN E. WEISBERG, Third-Party Defendant-Respondent. [883 NYS2d 838]—

Appeals from an order of the Supreme Court, Erie County (Gerald J. Whalen, J.), entered September 25, 2008 in a personal injury action. The order, insofar as appealed from, denied the motions of defendants for summary judgment and denied the cross motion of third-party plaintiff for summary judgment.

It is hereby ordered that the order so appealed from is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries that she sustained when she slipped and fell during the winter of 2006 on property leased to third-party defendant, who operated a chiropractic office on the property. Defendant/third-party plaintiff, Patrick J. Keem, the owner of the property, had entered into a contract with defendant Brian C. Masterson, doing business as Innovative Landscapes, to plow the parking lot and driveway located on the property.

Supreme Court properly denied the motion of Keem for summary judgment dismissing the complaint against him as well as his cross motion for summary judgment on the third-party complaint. There is an issue of fact on the record before us concerning the precise location where plaintiff fell. The location of plaintiff's fall is critical because third-party defendant was responsible only for clearing the walkways of snow and ice, while Masterson was charged with plowing the parking lot and driveway of the subject premises. In any event, regardless of the location where plaintiff fell, we note that Keem was an out-of-possession landlord who reserved the right to enter the premises at any time under the terms of the lease, thereby retaining control sufficient to form a basis for liability against him (*see Pastor v R.A.K. Tennis Corp.*, 278 AD2d 395 [2000]; *Young v Moran Props.*, 259 AD2d 1037 [1999]).

We further conclude that the court properly denied the motion of Masterson for summary judgment dismissing the complaint and cross claim against him. There are three exceptions to the general rule that a party to a contract is not liable in tort to third persons (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]), and there is an issue of fact whether the first of the three exceptions applies here, "i.e., where the contracting party fails to exercise reasonable care in the performance of his or her duties and thereby launches a force or instrument of harm" (*Anderson v Jefferson-Utica Group, Inc.*, 26 AD3d 760, 761 [2006]). Although Masterson contends that he did not plow on the afternoon of the accident, third-party defendant testified at his deposition that he believed that, after he had cleared the walkway, Masterson created a dangerous condition on the property by pushing snow onto the walkway at some point during the afternoon of plaintiff's fall. The deposition testimony of third-party defendant was based on his observation that the snow was spread out across the sidewalk when he inspected the sidewalk that evening, and that uncontroverted deposition testimony in fact constitutes circumstantial evidence supporting the position of Keem. In addition, third-party defendant testified that he had complained to Keem about that condi-

tion on prior occasions, because Masterson's snowplow would often push snow into the area through which the patients of third-party defendant entered the building. We thus conclude on the record before us that there is an issue of fact whether Masterson, based on his snowplowing methods, created a hazardous condition on the property by pushing snow across the area where plaintiff fell (*see Torosian v Bigsbee Vil. Homeowners Assn.*, 46 AD3d 1314, 1316 [2007]).

All concur except Smith and Carni, JJ., who dissent in part and vote to modify in accordance with the following memorandum.

Smith and Carni, JJ. (dissenting in part). We respectfully dissent in part and would modify the order by granting the motion of defendant Brian C. Masterson, doing business as Innovative Landscapes, for summary judgment and dismissing the complaint and cross claim against him. We agree with the majority's implicit conclusion that Masterson met his initial burden of establishing that he did not create the dangerous condition by establishing that he did not plow the parking lot after third-party defendant cleared snow and ice from the area where plaintiff testified that she fell. We respectfully disagree, however, with the majority's further conclusion that the parties opposing the motion raised a triable issue of fact to defeat it.

It *is* beyond cavil that, after the moving party meets his or her burden on a summary judgment motion, "the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Harris v Town of Mendon*, 284 AD2d 988, 989 [2001]). Here, the parties opposing the motion relied solely upon the speculative deposition testimony of third-party defendant that Masterson plowed the parking lot and deposited snow on the sidewalk in the area where plaintiff fell. Third-party defendant admitted in his deposition testimony that he did not see anyone plow the parking lot on the afternoon in question, and he agreed that he was "assuming that [the lot had been plowed] because of the way the snow was pushed across the walkway." When asked whether at any time during the winter in question he had seen a plow push snow onto the area where plaintiff allegedly fell, he testified that he "never saw it." He further admitted that his assumption was based on his observation of the conditions in the relevant part of the parking lot on other occasions, and that he was "assuming by the way the snow was laid there" that

Masterson had pushed snow there on those occasions. Inasmuch as third-party defendant provided no factual basis for his conclusion that the snow was deposited by Masterson, and he in fact admitted that his conclusion was based on an assumption, it cannot be disputed that his opinion is mere speculation that is insufficient to raise a triable issue of fact (*see Bellassai v Roberts Wesleyan Coll.*, 59 AD3d 1125 [2009]; *Raux v City of Utica*, 59 AD3d 984 [2009]; *Anthony v Wegmans Food Mkts., Inc.*, 11 AD3d 953 [2004]). Present—Martoche, J.P., Smith, Fahey, Carni and Green, JJ.