# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**546**

**CA 14-01820**

PRESENT: SCUDDER, P.J., SMITH, SCONIERS, WHALEN, AND DEJOSEPH, JJ.

---

LEANNE J. WAGNER, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

WATERMAN ESTATES, LLC AND TIMOTHY WATERMAN,
DEFENDANTS-APPELLANTS.
-------------------------------------------------
WATERMAN ESTATES, LLC AND TIMOTHY WATERMAN,
THIRD-PARTY PLAINTIFFS-APPELLANTS,

V

JEFFREY WAGNER, THIRD-PARTY DEFENDANT-RESPONDENT.

---

RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA LLC, BUFFALO (JEFFREY F.
BAASE OF COUNSEL), FOR DEFENDANTS-APPELLANTS AND THIRD-PARTY
PLAINTIFFS-APPELLANTS.

THE BALLOW LAW FIRM, P.C., WILLIAMSVILLE (THOMAS J. GRILLO, JR., OF
COUNSEL), FOR PLAINTIFF-RESPONDENT.

BURGIO, KITA, CURVIN & BANKER, BUFFALO (WILLIAM J. KITA OF COUNSEL),
FOR THIRD-PARTY DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Joseph R.
Glownia, J.), entered May 27, 2014. The order denied the motion of
defendants-third-party plaintiffs for summary judgment dismissing the
complaint and granted the motion of third-party defendant for summary
judgment dismissing the third-party complaint.

It is hereby ORDERED that said appeal by defendant Timothy
Waterman from the order insofar as it granted third-party defendant's
motion is unanimously dismissed and the order is modified on the law
by granting defendants' motion in part and dismissing the complaint
against defendant Timothy Waterman, and as modified the order is
affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for
injuries she allegedly sustained on March 3, 2010 when a portion of a
concrete step crumbled when she stepped on it, causing her to fall.
The single-family home where the incident occurred was owned by
defendant-third-party plaintiff Waterman Estates, LLC (Estates) and
leased by plaintiff's husband, third-party defendant. Defendant-
third-party plaintiff, Timothy Waterman (Waterman), is the sole member

and employee of Estates.  Defendants moved for summary judgment dismissing the complaint, and third-party defendant sought summary judgment dismissing the third-party-complaint, for contractual and common-law indemnification.

We agree with defendants that Supreme Court erred in denying that part of their motion for summary judgment dismissing the complaint against Waterman, and we therefore modify the order accordingly.  "The 'commission of a tort' doctrine permits personal liability to be imposed on a corporate officer for misfeasance or malfeasance, i.e., an affirmative tortious act; personal liability cannot be imposed on a corporate officer for nonfeasance, i.e., a failure to act" (*Peguero v 601 Realty Corp.*, 58 AD3d 556, 559).  Plaintiff alleged that Waterman applied salt to the step during the winter months, which contributed to the deterioration of the concrete, thereby committing "misfeasance or malfeasance."  Waterman denies that he applied salt to the step. We conclude that, inasmuch as treating icy surfaces does not constitute "an affirmative tortious act," Waterman is not personally liable for any negligence of Estates (*id.; see Lloyd v Moore*, 115 AD3d 1309, 1309-1310; *see also Wesolek v Jumping Cow Enters., Inc.*, 51 AD3d 1376, 1378-1379).

We conclude, however, that the court properly denied that part of defendants' motion with respect to Estates.  "A landowner is liable for a dangerous or defective condition on [its] property when the landowner created the condition or had actual or constructive notice of it and a reasonable time within which to remedy it" (*Sniatecki v Violet Realty, Inc.*, 98 AD3d 1316, 1318 [internal quotation marks omitted]; *see Anderson v Weinberg*, 70 AD3d 1438, 1439).  As a preliminary matter, we conclude that defendants failed to establish that Estates, as an out-of-possession landlord, had no duty to plaintiff.  "A landlord may be liable for failing 'to repair a dangerous condition, of which it has notice, on leased premises if the landlord assumes a duty to make repairs and reserves the right to enter in order to inspect or to make such repairs' " (*Litwack v Plaza Realty Invs., Inc.*, 11 NY3d 820, 821).  Here, the lease agreement provided that the landlord and its agents shall have the right to enter the premises for purposes of inspecting and making any repairs deemed appropriate for the preservation of the premises.  Indeed, Waterman testified that he visually inspected the premises when he mowed the yard or plowed the driveway and that he had made certain repairs while plaintiff lived at the premises.  Further, he made a temporary repair to the step and placed a barrier to that area within 24 hours of plaintiff's fall.  Thus, defendants failed to establish that Estates relinquished complete control of the premises to the tenant (*see Gronski v County of Monroe*, 18 NY3d 374, 379-381, *rearg denied* 19 NY3d 856).

Even assuming, arguendo, that defendants established their entitlement to judgment on the issue whether Estates caused or had actual or constructive notice of the alleged dangerous condition, we conclude that plaintiff raised an issue of fact sufficient to defeat the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  Waterman testified at his deposition that he painted the step

in 2007 and that there were cracks in the concrete at that time. Plaintiff testified that Waterman was present in May 2009 when she painted the step. She testified that there were "many cracks" and that the concrete was "not good[,] . . . very run down, dimply." According to plaintiff, on that occasion, Waterman stated that he would not "put any more money into the home." Contrary to defendants' contention, plaintiff's affidavit in opposition to the motion expands upon her description of the condition of the concrete but does not contradict her deposition testimony. In any event, plaintiff supported her affidavit with photographs taken within 24 hours of her fall depicting the cracked and pitted condition of the concrete step (*see Anderson*, 70 AD3d at 1439). We therefore conclude that plaintiff raised an issue of fact whether Estates had actual notice of the alleged dangerous condition.

Plaintiff also submitted the expert affidavit of an architect stating that the pitted condition of concrete, i.e., spalling, creates pockets in the concrete surface, which collect water that is fed into the body of the concrete. The expert explained that, when the water is transformed into ice, it causes the concrete to crack under foot traffic. He opined that "severe spalling," as depicted in the photographs, cracks and then crumbles. The expert opined that the deteriorated condition of the step as depicted in the photographs occurred over an extended period of time. We therefore further conclude that plaintiff raised issues of fact whether Estates created the dangerous condition by failing to repair the deteriorating concrete (*see Sniatecki*, 98 AD3d at 1318), and whether Estates had constructive notice of the dangerous condition (*see Reardon v Benderson Dev. Co.*, 266 AD2d 869, 870).

In view of our determination with respect to Waterman's entitlement to dismissal of the complaint against him, any contentions of Waterman with respect to the third-party action are moot. We conclude that the court properly granted third-party defendant's motion for summary judgment dismissing the third-party complaint with respect to Estates, seeking contractual and common-law indemnification from plaintiff's husband. The lease agreement provided that the "Landlord shall not be liable for any damage or injury of or to the Tenant or the Tenant's family . . . and Tenant hereby agrees to indemnify, defend and hold Landlord harmless from any and all claims or assertions of every kind and nature." We conclude that, inasmuch as the lease agreement purports to exempt Estates from liability for its own acts of negligence, it is void and unenforceable pursuant to General Obligations Law § 5-321 (*see Wagner v Ploch*, 85 AD3d 1547, 1548), and thus Estates is not entitled to contractual indemnification. Estates contends with respect to common-law indemnification that third-party defendant is liable for the deteriorated condition of the concrete because he applied salt to the step. Even assuming, arguendo, that third-party defendant did so, we conclude that Estates is not entitled to common-law indemnification. " 'Since the predicate of common-law indemnity is vicarious liability without actual fault on the part of the proposed indemnitee, it follows that a party who has itself actually participated to some degree in the wrongdoing cannot receive the benefit of the doctrine' "

(*Great Am. Ins. Co. v Canandaigua Natl. Bank & Trust Co.*, 23 AD3d 1025, 1028, *lv dismissed* 7 NY3d 741).  "Where, as here, an owner out of possession retains the right to reenter and make repairs to the demised property, the owner is liable for injuries arising from a structural . . . defect in the property" (*Fischbein v 1498 Third Realty Corp.*, 225 AD2d 1104, 1104), which we conclude includes the right to repair the concrete step at issue here.

Finally, although Estates contends that it is entitled to contribution, it did not seek that relief in the third-party complaint.  In any event, inasmuch as third-party defendant had no duty to Estates or plaintiff with respect to the repair of the concrete step, we conclude that neither indemnification nor contribution principles apply (*see generally Guzman v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d 559, 567-568).

Entered:  May 8, 2015                           Frances E. Cafarell
                                                 Clerk of the Court