Addeo v Clarit Realty, Ltd. (2019 NY Slip Op 07163)





Addeo v Clarit Realty, Ltd.


2019 NY Slip Op 07163


Decided on October 4, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND TROUTMAN, JJ.


807 CA 18-02295

[*1]JOSEPH ADDEO, PLAINTIFF-RESPONDENT-APPELLANT,
v
CLARIT REALTY, LTD., DEFENDANT-APPELLANT-RESPONDENT. 






BARCLAY DAMON LLP, BUFFALO (DENNIS R. MCCOY OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT.
BROWN CHIARI LLP, BUFFALO (TIMOTHY M. HUDSON OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT. 


 Appeal and cross appeal from an order of the Supreme Court, Erie County (Paul B. Wojtaszek, J.), entered October 1, 2018. The order denied the respective motions of the parties for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting defendant's motion and dismissing the complaint, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he fell while walking through an entryway into a building owned by defendant and leased to plaintiff's employer. Defendant appeals and plaintiff cross-appeals from an order that denied defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for partial summary judgment on the issue of negligence.
With respect to the appeal and cross appeal, we conclude that plaintiff established as a matter of law that a dangerous condition existed on defendant's property that caused him to fall, i.e., an improperly secured metal strip along the bottom of a doorway (see Rinallo v St. Casimir Parish, 138 AD3d 1440, 1441 [4th Dept 2016]; cf. Werner v Kaleida Health, 96 AD3d 1569, 1570 [4th Dept 2012]), and defendant failed to raise an issue of fact regarding the existence of a dangerous condition or the cause of plaintiff's fall (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). We agree with defendant on its appeal, however, that Supreme Court erred in denying its motion inasmuch as it established as a matter of law that it was an out-of-possession landlord that had no duty to maintain or repair the metal strip on which plaintiff allegedly tripped and plaintiff failed to raise an issue of fact in opposition (see generally Ferro v Burton, 45 AD3d 1454, 1454-1455 [4th Dept 2007]). We therefore modify the order accordingly. For the same reason, we conclude with respect to plaintiff's cross appeal that the court properly denied his cross motion.
It is well settled that " an out-of-possession landlord who relinquishes control of the premises and is not contractually obligated to repair unsafe conditions is not liable . . . for personal injuries caused by an unsafe condition existing on the premises' " (Balash v Melrod, 167 AD3d 1442, 1442 [4th Dept 2018]; see Ferro, 45 AD3d at 1455). Here, in support of its motion, defendant submitted the lease between defendant and plaintiff's employer, which provided that the lessee was responsible for all maintenance and repair of the premises except for "Major Improvements," which the lease defined as "any major repair (repairs that are not of the nature of ordinary maintenance such as local patches, caulking, flashing)" including "replacement of the roof, replacement of load-bearing walls and foundations, [and] repairs to the concrete floor." We conclude that maintenance of the allegedly bent or defective metal strip was not a "Major Improvement[]" under the lease (see generally Regensdorfer v Central Buffalo [*2]Project Corp., 247 AD2d 931, 932 [4th Dept 1998]).
Further, the record established that defendant relinquished control of the premises. The fact that, under the lease, defendant reserved the right to enter the leased premises for purposes of inspection and performing "Major Improvements," is " insufficient to establish the requisite degree of control necessary for the imposition of liability with respect to an out-of-possession landlord' " (Ferro, 45 AD3d at 1455). "[A]n out-of-possession landlord who reserves that right may be held liable for injuries to a third party only where a specific statutory violation exists" (Regensdorfer, 247 AD2d at 932), and plaintiff failed to allege a specific statutory violation pertaining to the metal strip (see Brown v BT-Newyo, LLC, 93 AD3d 1138, 1138-1139 [3d Dept 2012], lv denied 19 NY3d 815 [2012]; Kilimnik v Mirage Rest., 223 AD2d 530, 531 [2d Dept 1996]). Although plaintiff also contends that the concrete comprising the stairs and entryway where plaintiff fell was in a state of disrepair and alleges related violations of the Property and Maintenance Code of New York, the state of the concrete was not identified as a defective condition in plaintiff's bill of particulars and was instead improperly raised for the first time in opposition to defendant's motion and in support of his cross motion (see Flynn v Haddad, 109 AD3d 1209, 1210 [4th Dept 2013]; Marchetti v East Rochester Cent. School Dist., 26 AD3d 881, 881 [4th Dept 2006]). In any event, plaintiff testified at his deposition that he tripped on a bent metal strip only, not on defective concrete.
In light of our determination, we do not address the remaining contentions of either party.
Entered: October 4, 2019
Mark W. Bennett
Clerk of the Court