Dill v Lahr (2021 NY Slip Op 02963)





Dill v Lahr


2021 NY Slip Op 02963


Decided on May 7, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


1096 CA 20-00486

[*1]NICOLE ELIZABETH DILL, PLAINTIFF-RESPONDENT,
v
CHARLOTTE LAHR, ESTATE HOMES, INC., DEFENDANTS, AND THOMAS ESTATES MANUFACTURED HOUSING COMMUNITY, LLC, DEFENDANT-APPELLANT. 






KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (JUSTIN L. HENDRICKS OF COUNSEL), FOR DEFENDANT-APPELLANT.
ROLLINSON LAW FIRM, SYRACUSE (MICHAEL P. GRAINGER OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Ontario County (Frederick G. Reed, A.J.), entered September 17, 2019. The order denied that part of the motion of defendants Thomas Estates Manufactured Housing Community, LLC, and Estate Homes, Inc., seeking summary judgment dismissing the complaint against defendant Thomas Estates Manufactured Housing Community, LLC. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she fell while descending the exterior stairs of a manufactured home situated on land leased from defendant Thomas Estates Manufactured Housing Community, LLC (Thomas). Supreme Court denied that part of the motion of Thomas and defendant Estate Homes, Inc. (collectively, defendants) seeking summary judgment dismissing the complaint against Thomas, and Thomas appeals. We affirm.
Defendants failed to meet their initial burden on the motion of establishing that Thomas owed no duty to plaintiff. " '[C]ontrol is the test which measures generally the responsibility in tort of the owner of real property' " (see Gronski v County of Monroe, 18 NY3d 374, 379 [2011], rearg denied 19 NY3d 856 [2012]). "[W]hen a landowner and one in actual possession have committed their rights and obligations with regard to the property to a writing, we look not only to the terms of the agreement but to the parties' course of conduct—including, but not limited to, the landowner's ability to access the premises—to determine whether the landowner in fact surrendered control over the property such that the landowner's duty is extinguished as a matter of law" (id. at 380-381). Defendants failed to establish as a matter of law that Thomas "relinquished complete control" of the premises to the owner of the manufactured home (id. at 381). In support of their motion, defendants submitted evidence that Thomas's property manager periodically drove by the manufactured homes placed on Thomas's land and that she looked for safety issues as well as violations of community rules and the Town building code. If the property manager found any safety issues or violations, she notified the homeowner to remedy them within 10 days. Failure of the homeowner to do so could result in eviction from the land. Notably, the property manager specifically stated that her inspection included the exterior stairs of the manufactured homes; indeed, several months before the accident, the property manager issued a "Community Rules Violation Notice" with respect to the stairs in question. We conclude that defendants' own submissions raise a triable issue of fact whether the property manager's course of conduct could have given rise to reliance by persons in the community, such as plaintiff, on Thomas's power to find and enforce the remediation of dangerous conditions on the subject property (see id. at 379-380; Balash v Melrod, 167 AD3d 1442, 1442-1443 [4th Dept 2018]; see also Ritto v Goldberg, 27 NY2d 887, 889 [1970]) and thus whether Thomas thereby [*2]exercised control over the property (see Gronski, 18 NY3d at 381-382).
In addition, although Thomas's reservation of the rights to visit or to inspect the premises and to approve certain alterations, additions, or improvements made to the manufactured homes on its land does not by itself establish the requisite degree of control to support the imposition of liability (see Addeo v Clarit Realty, Ltd., 176 AD3d 1581, 1582 [4th Dept 2019]; Ferro v Burton, 45 AD3d 1454, 1454-1455 [4th Dept 2007]), an exception to that general principle applies where, as here, the plaintiff has alleged the existence of specific statutory violations with respect to the alleged defect (see Addeo, 176 AD3d at 1582-1583; Ferro, 45 AD3d at 1454-1455).
Finally, we conclude that defendants failed to meet their initial burden on their motion of establishing as a matter of law that Thomas did not have actual or constructive notice of the defective condition of the stairs. As previously noted, defendants' own submissions established that, prior to the accident, Thomas's property manager issued a "Community Rules Violation Notice" to the homeowner asserting the property manager's belief that the stairs did not comply with the applicable building code, thereby raising at least a question of fact whether Thomas had "constructive, if not actual, notice of the allegedly dangerous condition" (Wiedenbeck v Lawrence, 170 AD3d 1669, 1670 [4th Dept 2019]; see generally Center v Hampton Affiliates, 66 NY2d 782, 784 [1985]; Pauszek v Waylett, 173 AD3d 1631, 1633 [4th Dept 2019]). Even assuming, arguendo, that defendants met their burden, we conclude that plaintiff raised an issue of fact with respect to Thomas's actual notice of the defective condition of the stairs (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). In opposition to the motion, plaintiff submitted five photographs of the stairs that she obtained from defendants during discovery, and those photographs, which were taken before plaintiff's accident, depicted the deficiencies of the stairs asserted by plaintiff.
Entered: May 7, 2021
Mark W. Bennett
Clerk of the Court