Weaver v Deronde Tire Supply, Inc. (2022 NY Slip Op 07328)

Weaver v Deronde Tire Supply, Inc.

2022 NY Slip Op 07328

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., NEMOYER, CURRAN, BANNISTER, AND MONTOUR, JJ.

766 CA 21-01545

[*1]RYAN WEAVER, PLAINTIFF-RESPONDENT,
v
DERONDE TIRE SUPPLY, INC., ET AL., DEFENDANTS, AND ESTES EXPRESS LINES, DEFENDANT-APPELLANT. 

NASH CONNORS, P.C., BUFFALO (ANDREW J. KOWALEWSKI OF COUNSEL), FOR DEFENDANT-APPELLANT.
DAVID W. POLAK ATTORNEY AT LAW, P.C., WEST SENECA (DAVID W. POLAK OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Paul Wojtaszek, J.), entered October 20, 2021. The order, insofar as appealed from, granted the motion of plaintiff for leave to reargue his opposition to the motion of defendant Estes Express Lines for summary judgment and, upon reargument, denied the motion of defendant Estes Express Lines for summary judgment dismissing the complaint and cross claims against it. 
It is hereby ORDERED that the order so appealed from is affirmed without costs.
Memorandum: Plaintiff commenced this negligence action seeking damages for personal injuries he sustained when tires that were being moved by a forklift struck him when they fell from the forklift after it drove over a crack in the concrete floor. Insofar as relevant to this appeal, the complaint asserted a negligence cause of action against Estes Express Lines (defendant), which owned the premises on which plaintiff was injured, alleging that defendant negligently permitted a dangerous condition to exist on the premises that contributed to his injury, i.e., the crack in the concrete floor. Defendant moved for summary judgment dismissing the complaint and all cross claims against it, and Supreme Court granted the motion on the ground that defendant was an out-of-possession landlord that did not retain control of the leased premises. Thereafter, plaintiff moved for leave to reargue his opposition to the motion, and defendant now appeals from an order that granted leave to reargue and, upon reargument, denied defendant's motion for summary judgment.
We agree with defendant that it met the initial burden on its motion of establishing that it was an out-of-possession landlord not liable for plaintiff's injuries. It is well settled that "[a]n out-of-possession landlord is not liable for injuries that occur on the premises after the transfer of possession and control to a tenant unless the landlord (1) is contractually obligated to repair the premises or (2) has reserved the right to enter the premises to make repairs, and liability is based on a significant structural or design defect that violates a specific statutory safety provision" (Reichberg v Lemel, 29 AD3d 664, 665 [2d Dept 2006]; see Ferro v Burton, 45 AD3d 1454, 1454-1455 [4th Dept 2007]). In support of its motion, defendant submitted the lease between it and plaintiff's employer (lessee). The lease does not include a general requirement that defendant repair or maintain the premises, including the floor, and instead limits defendant's responsibility to repair the premises to structural defects in the bearing walls and roof. The lessee was responsible for all other maintenance and repairs. Further, defendant established that it relinquished control of the premises. Although the lease permitted defendant to enter the premises for purposes of inspection and making repairs required as a result of a default by the lessee, that contractual right standing alone is "insufficient to establish the requisite degree of control necessary for the imposition of liability with respect to an out-of-possession landlord" (Addeo v Clarit Realty, Ltd., 176 AD3d 1581, 1582 [4th Dept 2019] [internal quotation marks [*2]omitted]). " '[A]n out-of-possession landlord who reserves th[e] right [to enter the leased premises for the purposes of inspection and emergency and structural repair] may be held liable for injuries to a third party only where a specific statutory violation exists' " (Regensdorfer v Central Buffalo Project Corp., 247 AD2d 931, 932 [4th Dept 1998]; see Schwegler v City of Niagara Falls, 21 AD3d 1268, 1269-1270 [4th Dept 2005]). Here, plaintiff failed to allege a specific statutory violation pertaining to the condition of the floor and, instead, alleged that the state of the concrete floor on the premises resulted in violations of the Property Maintenance Code of New York and the Code of the Town of Tonawanda (Town Code). Even assuming, arguendo, that violations of regulations as opposed to statutory violations would suffice (see Brown v BT-Newyo, LLC, 93 AD3d 1138, 1139 [3d Dept 2012], lv denied 19 NY3d 815 [2012]; cf. Guzman v Haven Plaza Hous. Dev. Fund Co., 69 NY2d 559, 565 n 3 [1987]; Boice v PCK Dev. Co., LLC, 121 AD3d 1246, 1248 [3d Dept 2014]), we conclude that "the cited provisions of the Property Maintenance Code [and the Town Code] are either inapplicable or general rather than specific" (Brown, 93 AD3d at 1139).
However, plaintiff raised a triable issue of fact whether defendant was liable based on its contractual obligation to maintain the structural integrity of the roof and walls. We therefore conclude that, contrary to defendant's contention, the court properly granted the motion for leave to reargue (see generally CPLR 2221 [d] [2]; Smith v City of Buffalo, 122 AD3d 1419, 1420 [4th Dept 2014]), and, upon reargument, properly denied defendant's motion for summary judgment. In opposition to defendant's motion, plaintiff submitted an affidavit from one of plaintiff's former colleagues and from a code enforcement officer, who each averred that the damage to the floor may have been caused by water damage or water infiltration due to poor maintenance of the roof and walls. Plaintiff's former colleague further averred that defendant had conducted annual inspections of the property and had previously repaired damage to the floor of the premises. Thus, there is a question of fact concerning defendant's liability for defects in the condition of the floor (see Young v J.M. Moran Props., 259 AD2d 1037, 1038 [4th Dept 1999]; see generally Meyers-Kraft v Keem, 64 AD3d 1172, 1173 [4th Dept 2009]).
All concur except Curran and Montour, JJ., who dissent and vote to modify in accordance with the following memorandum: We agree with the majority that Estes Express Lines (defendant) met its initial burden on its motion for summary judgment dismissing the complaint and the cross claims against it by establishing that it was an out-of-possession landlord not liable for plaintiff's personal injuries. We depart from the majority's further conclusion, however, that in opposition to defendant's motion, plaintiff raised a triable issue of fact whether defendant was liable based upon its contractual obligation to maintain the structural integrity of the roof and walls of the premises. We therefore dissent, and we would modify the order by granting defendant's motion for summary judgment dismissing the complaint and all cross claims against defendant.
Contrary to the view of the majority, we conclude that the affidavits submitted by plaintiff were insufficient to defeat the motion for summary judgment. As the majority notes, it is true that defendant was contractually "responsible for structural defects in the bearing walls and roof." The affidavits submitted by plaintiff, however, are wholly speculative to the extent that they allege that defendant made previous repairs to the floor in the area where plaintiff sustained his injury, or that the crack in the concrete floor that allegedly contributed to plaintiff's injury was caused by water infiltrating through the roof or walls. Such speculation is insufficient to raise a triable issue of fact (see Zetes v Stephens, 108 AD3d 1014, 1017 [4th Dept 2013]; Woods v Design Ctr., LLC, 42 AD3d 876, 877 [4th Dept 2007]; see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Other than the speculation contained in the affidavits submitted by plaintiff, there is no evidence in the record establishing any nexus between structural defects in the bearing walls and roof, which were defendant's responsibility to repair, replace and maintain, and the floor defect that allegedly caused plaintiff's injuries.
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court