Truax v M.D. Meyer's Props., LLC (2023 NY Slip Op 04058)

Truax v M.D. Meyer's Props., LLC

2023 NY Slip Op 04058

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, BANNISTER, MONTOUR, AND GREENWOOD, JJ.

524 CA 22-00986

[*1]GERALD TRUAX, PLAINTIFF-RESPONDENT,
v
M.D. MEYER'S PROPERTIES, LLC, DEFENDANT-APPELLANT. 

LAW OFFICES OF JORDAN DIPALMA, PALMYRA (RICHARD C. BRISTER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
STANLEY LAW OFFICES, SYRACUSE (STEPHANIE VISCELLI OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Onondaga County (Gregory R. Gilbert, J.), entered May 31, 2022. The order denied the motion of defendant for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this negligence action seeking damages for personal injuries he sustained when an icicle fell from the roof of a building and struck his head. The building from which the icicle fell was owned by defendant and leased to plaintiff's employer (lessee). Defendant moved for summary judgment dismissing the complaint on the ground that it is an out-of-possession landlord. Supreme Court denied the motion, and defendant appeals. We affirm.
"[A]n out-of-possession landlord generally will not be responsible for dangerous conditions existing on leased premises" once the premises have been relinquished to a lessee (Starr v Holes, 87 AD3d 1395, 1396 [4th Dept 2011]; see Ferro v Burton, 45 AD3d 1454, 1454-1455 [4th Dept 2007]). However, there are certain exceptions to this rule, including where the landlord " 'has specifically contracted to repair or maintain the property . . . or has affirmatively created a dangerous condition' " (Harkins v Tuma, 182 AD3d 678, 679 [3d Dept 2020]; see Ferro, 45 AD3d at 1454-1455; Davison v Wiggand, 247 AD2d 700, 701 [3d Dept 1998]). "To be awarded summary judgment, [a defendant is] required to establish that none of the above exceptions applied or, if one or more of the exceptions did apply, that [it] had no actual or constructive knowledge of the hazardous condition" (Harkins, 182 AD3d at 679; see generally Jones v Bartlett, 275 AD2d 956, 956 [4th Dept 2000], lv denied 96 NY2d 705 [2001]). Although defendant met its initial burden on the motion by submitting evidence establishing as a matter of law that it was not liable for plaintiff's injuries, we conclude, contrary to defendant's contention, that plaintiff raised triable issues of fact in opposition with respect to defendant's contractual obligation to maintain the premises, whether defendant created the alleged dangerous condition that caused the injury, and whether defendant had notice of that condition (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
In support of its motion, defendant submitted a lease agreement signed in 2004, approximately two years after defendant oversaw construction of the premises. The lease, together with depositions and affidavits in defendant's submission, established that defendant relinquished control of the premises in 2004, and plaintiff failed to raise a question of fact as to that issue. The fact that, under the lease, defendant reserved the right to enter the premises "at all reasonable times for the purpose of inspecting same; for purposes of ascertaining [the l]essee's [*2]compliance with the terms and conditions [of the lease] . . . ; [and] for the purpose of posting notices of non-responsibility for alterations, additions, or repairs," standing alone, is "insufficient to establish the requisite degree of control necessary for the imposition of liability with respect to an out-of-possession landlord" (Ferro, 45 AD3d at 1455 [internal quotation marks omitted]; see Addeo v Clarit Realty, Ltd., 176 AD3d 1581, 1582 [4th Dept 2019]). "[A]n out-of-possession landlord who reserves that right may be held liable for injuries to a third party only where a specific statutory violation exists" (Regensdorfer v Central Buffalo Project Corp., 247 AD2d 931, 932 [4th Dept 1998] [internal quotation marks omitted]), and plaintiff failed to allege a specific statutory violation pertaining to snow and ice removal or the roof generally (see Boice v PCK Dev. Co., LLC, 121 AD3d 1246, 1248 [3d Dept 2014]; Velazquez v Tyler Graphics, 214 AD2d 489, 490 [1st Dept 1995]; see generally Weaver v DeRonde Tire Supply, Inc., 211 AD3d 1503, 1504-1505 [4th Dept 2022], appeal dismissed 39 NY3d 1149 [2023]).
The lease further provides that the lessee is responsible for all maintenance and repair of the premises except for "the repair and replacement of structural elements and roof and repair and replacement work that would be treated as a capital expense." Based on that language, we agree with defendant that it met its burden of showing that it was not contractually responsible for snow and ice removal on the premises (see Addeo, 176 AD3d at 1582; see generally Regensdorfer, 247 AD2d at 932). However, plaintiff does not argue that defendant was negligent in failing to remove the ice accumulation, but rather that the injury was caused either by a dereliction of defendant's contractual obligation to properly maintain the roof or through faulty construction and design. In support of that contention, plaintiff submitted, inter alia, an expert affidavit averring that the ice accumulation was due to faulty roof design and inadequate maintenance, specifically the failure to include or add "ice mitigation features." Viewing the evidence most favorably to plaintiff, we conclude that his submissions raise factual issues whether the roof was negligently maintained or constructed (see Stickles v Fuller, 9 AD3d 599, 600-601 [3d Dept 2004]; Knight v Sawyer, 306 AD2d 849, 849 [4th Dept 2003]; see also Jewett v M.D. Fritz, Inc., 83 AD3d 1572, 1573-1574 [4th Dept 2011]; Meyers-Kraft v Keem, 64 AD3d 1172, 1173 [4th Dept 2009]).
Defendant also submitted an affidavit from its president and sole member, who averred that he had no notice of ice accumulation on the premises and rarely visited the site in winter, thereby meeting its initial burden as to notice. In response, plaintiff submitted testimony that the lessee's employees were required to block the sidewalk around the premises and post warning signs "every winter" for the past 18 years "[b]ecause ice comes off the front of the building and goes right on the sidewalk." Inasmuch as that testimony indicates that the presence of the alleged dangerous condition dated back to 2002—i.e., two years prior to the time that defendant leased the premises to the lessee—it was sufficient to raise an issue of fact whether defendant had actual notice of the ice accumulation before entering into the lease (see generally Wagner v Waterman Estates, LLC, 128 AD3d 1504, 1506 [4th Dept 2015]). Further, "[c]onstructive notice will be found where a defective condition has existed for such a length of time that knowledge thereof should have been acquired in the exercise of reasonable care," including where the defendant is an out-of-possession landlord (June v Bill Zikakis Chevrolet, 199 AD2d 907, 909 [3d Dept 1993] [internal quotation marks omitted]; see Balash v Melrod, 167 AD3d 1442, 1443 [4th Dept 2018]). We therefore further conclude that plaintiff raised an issue of fact whether defendant had constructive notice of the dangerous condition (see Wagner, 128 AD3d at 1507).
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court