Black v 465 Payne Ave., LLC (2023 NY Slip Op 05081)

Black v 465 Payne Ave., LLC

2023 NY Slip Op 05081

Decided on October 6, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., MONTOUR, GREENWOOD, NOWAK, AND DELCONTE, JJ.

701 CA 22-01492

[*1]DARCY M. BLACK AND ROBERT J. BLACK, PLAINTIFFS-APPELLANTS,
v
465 PAYNE AVENUE, LLC, DEFENDANT-RESPONDENT. 

GRECO TRAPP, PLLC, BUFFALO (JOSEPHINE A. GRECO OF COUNSEL), FOR PLAINTIFFS-APPELLANTS. 
GOLDBERG SEGALLA LLP, BUFFALO (MEGHAN M. BROWN OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Niagara County (Frank A. Sedita, III, J.), entered September 1, 2022. The order granted the motion of defendant for summary judgment and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained by Darcy M. Black (plaintiff) when, after walking inside from a snow-covered sidewalk, she slipped and fell on uncovered laminate flooring in the entryway of a building that was owned by defendant, leased to a related corporation (lessee), and occupied by plaintiff's employer, which paid the rent owed under the lease. Plaintiffs appeal from an order that granted defendant's motion for summary judgment dismissing the complaint. We agree with plaintiffs that Supreme Court erred in granting the motion on the ground that plaintiffs' action was barred by the exclusive remedy provisions of the Workers' Compensation Law (see Workers' Compensation Law §§ 11, 29 [6]). Contrary to the court's determination, defendant failed to meet its initial burden on the motion of establishing that it functioned as an alter ego of plaintiff's employer (see Taitt v Shipwreck Tavern, Inc., 162 AD3d 1746, 1746 [4th Dept 2018]; Cleary v Walden Galleria LLC, 145 AD3d 1524, 1525 [4th Dept 2016]). We nonetheless affirm the order on the alternative ground raised by defendant, which is properly before us (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546 [1983]; Stewart v Dunkleman, 128 AD3d 1338, 1341 [4th Dept 2015], lv denied 26 NY3d 902 [2015]), that its status as an out-of-possession landlord absolves it of liability.
"Landowners generally owe a duty of care to maintain their property in a reasonably safe condition, and are liable for injuries caused by a breach of this duty" (Henry v Hamilton Equities, Inc., 34 NY3d 136, 142 [2019]; see Gronski v County of Monroe, 18 NY3d 374, 379 [2011], rearg denied 19 NY3d 856 [2012]). "The duty is premised on the landowner's exercise of control over the property, [because] the person in possession and control of property is best able to identify and prevent any harm to others" (Henry, 34 NY3d at 142 [internal quotation marks omitted]; see Gronski, 18 NY3d at 379; Butler v Rafferty, 100 NY2d 265, 270 [2003]). In contrast, "a landowner who has transferred possession and control [i.e., an out-of-possession landlord] is generally not liable for injuries caused by dangerous conditions on the property" (Henry, 34 NY3d at 142 [internal quotation marks omitted]; see Gronski, 18 NY3d at 379). "[W]hen a landowner and one in actual possession have committed their rights and obligations with regard to the property to a writing, we look not only to the terms of the agreement but to the parties' course of conduct—including, but not limited to, the landowner's ability to access the premises—to determine whether the landowner in fact surrendered control over the property such that the landowner's duty is extinguished as a matter of law" (Gronski, 18 NY3d at 380-381). [*2]There are, however, exceptions to the general rule of nonliability for an out-of-possession landlord that has relinquished control of the premises (see Henry, 34 NY3d at 142; Truax v M.D. Meyer's Props., LLC, 218 AD3d 1328, 1328 [4th Dept 2023]). Thus, an out-of-possession landlord may be liable for injuries that occur on its premises where, for example, " 'the landlord . . . is contractually obligated to repair the premises or . . . has reserved the right to enter the premises to make repairs, and liability is based on a significant structural or design defect that violates a specific statutory safety provision' " (Weaver v DeRonde Tire Supply, Inc., 211 AD3d 1503, 1504 [4th Dept 2022], appeal dismissed 39 NY3d 1149 [2023]; see Henry, 34 NY3d at 142; Guzman v Haven Plaza Hous. Dev. Fund Co., 69 NY2d 559, 565-567 and n 4 [1987]).
Here, we conclude that defendant met its initial burden on the motion of establishing that it was an out-of-possession landlord that had relinquished control of the premises and was not obligated to perform repairs or maintenance of the premises, including removal of snow (see Adolf v Erie County Indus. Dev. Agency, 174 AD3d 1519, 1519 [4th Dept 2019]; Sexton v Resinger, 70 AD3d 1360, 1361 [4th Dept 2010]). In support of its motion, defendant submitted the lease between defendant and the lessee, which provided that the lessee was responsible for all maintenance and repair of the premises (see Tarantelli v 7401 Willowbrook Rd. Assoc., LLC, 13 AD3d 1184, 1184 [4th Dept 2004]). Defendant's submissions also established that the executive director of plaintiff's employer was responsible for ensuring that such maintenance was completed and that the flooring was safe—a job that included having floor mats placed in the entryway—and that a maintenance worker hired by plaintiff's employer was responsible for maintenance, repairs, and snow and ice removal at the premises (see McLaughlin v 22 New Scotland Ave., LLC, 132 AD3d 1190, 1192 [3d Dept 2015]). Contrary to plaintiffs' assertion that defendant retained control of the premises because the lease prohibited the lessee from making any alterations, we conclude that the lease, when its language is properly construed pursuant to applicable grammatical rules (see Duane Reade, Inc. v Cardtronics, LP, 54 AD3d 137, 141-142 [1st Dept 2008]), allowed the lessee to make certain alterations to the building with defendant's preapproval; expressly prohibited only those alterations that would be for a purpose other than the one stipulated in the lease, that would be for a purpose deemed an extra hazardous fire risk, or that would be in violation of law; and otherwise contemplated that the lessee might make improvements to the premises (cf. Rios v 1146 Ogden LLC, 136 AD3d 606, 607 [1st Dept 2016]).
Moreover, contrary to plaintiffs' further contention, a question of fact is not raised by evidence in defendant's submissions that its sole owner, who was also the sole owner of the lessee and of plaintiff's employer, approved the installation of the laminate flooring and would occasionally visit the premises to examine any work that had been completed (see Hart v O'Brien, 72 AD3d 1257, 1259 [3d Dept 2010]; cf. Gronski, 18 NY3d at 380-381; Dill v Lahr, 194 AD3d 1473, 1474-1475 [4th Dept 2021]). The fact that defendant "retained the right to visit and examine [the] premises, and to approve alterations, additions or improvements[,] . . . [is] insufficient to establish the requisite degree of control necessary for the imposition of liability with respect to an out-of-possession landlord who reserves the right to enter the leased premises to make necessary repairs" (Schwegler v City of Niagara Falls, 21 AD3d 1268, 1269-1270 [4th Dept 2005] [internal quotation marks omitted]; see Hart, 72 AD3d at 1259; see also Ferro v Burton, 45 AD3d 1454, 1455 [4th Dept 2007]). Although an out-of-possession landlord may be liable for injuries that occur on its premises where the landlord has " 'reserved the right to enter the premises to make repairs, and liability is based on a significant structural or design defect that violates a specific statutory safety provision' " (Weaver, 211 AD3d at 1504), the alleged slippery condition of the laminate flooring caused by tracked-in snow combined with the removal of floor mats from the entryway is not a structural or design defect (see Padilla v Hope W. 118th Hous. Co., Inc., 204 AD3d 545, 545 [1st Dept 2022]; Lindquist v C & C Landscape Contrs., Inc., 38 AD3d 616, 616-617 [2d Dept 2007]; Evans v Citicorp, 276 AD2d 370, 370 [1st Dept 2000]) and plaintiffs failed to allege a specific statutory violation pertaining to the condition of the floor (see Truax, 218 AD3d at 1329; Weaver, 211 AD3d at 1504-1505; Addeo v Clarit Realty, Ltd., 176 AD3d 1581, 1582-1583 [4th Dept 2019]). Plaintiffs' allegation that defendant violated Multiple Residence Law § 174 was improperly raised for the first time in opposition to defendant's motion (see Addeo, 176 AD3d at 1583).
To the extent that plaintiffs contend that defendant affirmatively created the dangerous condition simply by approving the replacement of the old carpeting in the entryway with the smoother surface of laminate flooring, we reject that contention because, "[i]n the absence of [*3]evidence of a negligent application of floor wax or polish [or other substance], the mere fact that a smooth floor may be slippery does not support a cause of action to recover damages for negligence" (Flynn v Haddad, 109 AD3d 1209, 1209 [4th Dept 2013] [internal quotation marks omitted]; see Kline v Abraham, 178 NY 377, 379-381 [1904]; Kaplan v Menlo Realty Income Props. 28, LLC, 218 AD3d 1301, 1303 [4th Dept 2023]). Additionally, defendant was not responsible for the removal of the floor mats from the entryway prior to plaintiff's slip and fall.
We further conclude that plaintiffs failed to raise a triable issue of fact in opposition to defendant's motion (see Adolf, 174 AD3d at 1519-1520; Tarantelli, 13 AD3d at 1184; see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Finally, we reject plaintiffs' remaining contentions, including their procedural challenge to defendant's invocation of the out-of-possession landlord doctrine.
Entered: October 6, 2023
Ann Dillon Flynn
Clerk of the Court